(88 South. 641)

PHILLIPS v. MATTHEWS. (8 Div. 338.)

(Supreme Court of Alabama. April 7, 1921.)

1. **Evidence** ⊖⇒419(15) — **As to consideration for note held admissible.**

In action on a note, alleged to have been delivered along with an application for corporate stock and a notice to banks of permission to exchange bank time certificate for note, where defendant testified he signed note, but not the application or the instrument addressed to the banks, it was competent for defendant to testify as to conversation and contract made by him with agent selling the stock when he gave him the note, and that agent agreed that the stock should be attached to note and sent to defendant's home.

2. **Bankruptcy** ⊖⇒268 — **Purchaser after maturity at bankruptcy sale acquired only title bankrupt had.**

One purchasing note at bankruptcy sale after maturity acquired only such title or interest as the bankrupt had, and the maker had the right to same defense against purchaser that it would have had if the trustee in bankruptcy was plaintiff.

3. **Evidence** ⊖⇒419(15)—**That stock was not attached to note circumstance tending to show corporation did not accept and approve application for stock.**

In action on a note given for corporate stock, where defendant testified, "I never wrote to the P. Company or had any communication with them whatever in regard to these notes," and "I made no effort to rescind contract before this suit was filed," and the "note was given for subscription for 10 shares of stock in the P. Company," and that said note has not been paid or any amount thereon, the fact that the note was introduced in evidence and stock was not attached thereto was a circumstance tending to show that corporation did not accept note or approve application for stock; it being proper to inquire whether or not the stock was issued and tendered or dividends received thereon.

4. **Trial** ⊖⇒143 — **No general charge on conflicting evidence.**

General charge asked by plaintiff in writing was properly refused where the evidence was conflicting.

5. **Corporations** ⊖⇒92 — **No recovery on note where corporate stock was not delivered as agreed.**

Where note was not to be paid until corporate stock for which it was given was delivered,

and no stock was ever delivered or tendered to maker, then the maker was entitled to verdict in action on the note.

Appeal from Morgan County Court; E. C. Nix, Special Judge.

Assumpsit by Charles Phillips against J. M. Matthews. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6, Affirmed.

Wert & Hutson, of Decatur, for appellant.

Counsel rely for reversal upon the following authorities: 10 Cyc. 389, 390, 391 and 441; 4 Thompson on Corporations,, §§ 3872, 3873, and 3844; 144 Ala. 666, 39 South. 562; 5 Ala. 787, 39 Am. Dec. 344; 30 Ala. 650.

Tennis Tidwell, of Albany, for appellee.

The plaintiff acquired no more nor better title than the bankrupt had. 7 C. J. 242; 169 Ala. 628, 53 South. 905. It was necessary that the stock be delivered or tendered to fix liability on the note. 4 Thompson, § 4110; 14 C. J. 551; 86 Iowa, 480, 53 N. W. 402, 17 L. R. A. 755, 41 Am. St. Rep. 517; 73 Iowa, 190, 34 N. W. 811, 5 Am. St. Rep. 672; 108 Ky. 473, 56 S. W. 705, 49 L. R. A. 111, 94 Am. St. Rep. 386; 154 App. Div. 434, 139 N. Y. Supp. 74; 100 Wis. 275, 75 N. W. 1002; 131 Minn. 10, 154 N. W. 508; 171 S. W. 11, 184 Mo. App. 335.

MILLER, J. This is suit on a note for $125, given by the defendant, payable to himself, indorsed by him, dated June 23, 1914, and due seven months after date.

The evidence showed that plaintiff purchased this note after maturity, before suit was filed, from the trustee in bankruptcy of the Pep-To-Lac Company of America. It was adjudicated a bankrupt in the federal court after the execution and before the sale of the note.

The evidence for the plaintiff tended to show that defendant when he executed the note also signed an application for 10 shares, of $10 each, of capital stock of the Pep-To-Lac Company of America; it was addressed to the company, and agreed to pay $12.50 per share for it. It was also dated June 23, 1914. This application contained this statement:

"It is understood that said stock will be issued when this contract and accompanying settlement are approved by the Pep-To-Lac Company of America. That the agent of the company is not authorized to accept in payment of this subscription, or in settlement of, or in exchange for sale of stock, anything but bank check or draft, post-office or express money order, made payable to the Pep-To-Lac Company of America, for the full amount thereby subscribed."

205 ALA.—31

On the side of this application, after signature of defendant, is the following:

"Charge and credit. D. S. Looney. This stock to be issued and attached to note. In case of an advance before the acceptance of this subscription by the company, the amount collected hereon will be returned."

The plaintiff introduced in evidence another paper purporting to be signed by defendant. It bears same date as the note and the application for stock. It is addressed to any bank or trust company, and states that he has this day purchased 10 shares of stock in said company, given his note for $125 therefor, payable seven months after date in settlement of it, and "you have my permission to exchange your bank time certificate for said note, that said note will be paid by me." The plaintiff offered evidence tending to show that the defendant signed the application for the stock and also the said paper addressed to any bank or trust company.

The defendant pleaded "the general issue with leave to offer in evidence any matters or things that would be good defense specially pleaded."

The defendant testified that he signed the note, but did not sign the application for the stock or the paper addressed to any bank or banker offered in evidence by the plaintiff. Over the objection of the plaintiff, the defendant was allowed to testify that an agent of the Pep-To-Lac Company of America secured the note from him for 10 shares of stock in the said Pep-To-Lac Company of America; "it was to be delivered to me at my home in Flint, Ala. * * * No, sir; I was never notified of any stock having been issued. I never received any dividends or any benefits of the stock whatever. * * * The note was given for 10 shares of stock to be delivered January 1st, and note was not to be paid until stock was delivered, no stock was ever delivered."

[1] It was competent for the defendant to testify as to the conversation and contract made by him with the agent of the Pep-To-Lac Company of America, when he gave him the note and the consideration therefor as set out above. The court did not err in allowing the defendant to show the consideration for the note and the agreement made between him and the said agent in regard to the stock and the payment of the note under the pleadings in this case. Barlow v. Flemming, 6 Ala. 146; Booth v. Dexter Co., 118 Ala. 369, 24 South. 405; 14 Corpus Juris, p. 551, §§ 926, 827.

[2] The plaintiff purchased the note at bankruptcy sale of the said Pep-To-Lac Company after maturity. He acquired only such title or interest as the bankrupt had. The defendant has the right to the same defense with plaintiff as it would have if the trustee in bankruptcy was plaintiff. Plaintiff stands

in the shoes of the bankrupt, the Pep-To-Lac Company. Winter-Loeb & Co. v. Montgomery Coop. Co., 169 Ala. 628, 53 South. 905.

[3] The defendant also testified:

"I never wrote to the Pep-To-Lac Company of America, or had any communication with them whatever in regard to these notes"; that "I made no effort to rescind the contract before this suit was filed."

The note was given for subscription to 10 shares of stock in the Pep-To-Lac Company of America; that said note has not been paid, or any amount paid thereon. The note was introduced in evidence, but the stock (10 shares) was not attached thereto. This is a circumstance tending to show that the company did not accept the note and approve the application for the stock.

It was proper to inquire whether or not the stock was issued, or tendered, or dividends received thereon. These facts would show or tend to show whether or not the application for stock, if made, was approved and note accepted for it, making a consideration or no consideration for the note. It was proper to show the agreement between the agent and the defendant for the note and stock.

[4] The general charge, asked by plaintiff in writing, was properly refused. The evidence is in conflict; circumstances pointing both ways, as to whether or not the application for the stock, if made, was approved by the company and the note accepted therefor; and under the testimony of the defendant the agreement was the note was not to be paid until the stock was delivered.

The following written charge was asked by plaintiff:

"I charge you that if the defendant subscribed for 10 shares of stock in the Pep-To-Lac Company of America, and executed the note offered in evidence in this case, in payment of said stock, and that he made no effort to rescind said contract of subscription before the bankruptcy of the Pep-To-Lac Company of America, then I charge you that the plaintiff would be entitled to recover."

That charge was properly refused by the trial judge. It ignores the testimony as to whether or not the application for the stock as presented was approved, and the note accepted in payment thereof by the company. It singles out certain parts of the testimony, and ignores other essential evidence. It ignores the agreement testified to by the defendant; that the stock was never delivered, and the note was not to be paid until it was delivered.

[5] The court gave this written charge at the request of defendant:

"If you find from the evidence that the agreement was that the defendant was to purchase the stock in the Pep-To-Lac Company of America, and that the stock was to be delivered to the defendant, and it was never delivered or tendered for delivery, your verdict should be for defendant."

The charge was properly given under the evidence of the defendant. The agreement under his testimony showed that the note was not to be paid until the stock was delivered, and that it was never delivered or tendered. The evidence for the plaintiff under the written application for the stock indicated that the stock was "to be issued and attached to the note." The note was introduced, but no stock was attached. If the jury believed from the evidence that defendant and the agent of the Pep-To-Lac Company of America entered into a contract that the note was given for 10 shares of its stock and the note was not to be paid until the stock was delivered, and no stock was ever delivered or tendered to the defendant, then the defendant would be entitled to a verdict. 14 Corpus Juris, p. 551, §§ 826, 827; 4 Thompson on Corporations, § 4110; Corbin v. Sistrunk, 19 Ala. 203; Barlow v. Flemming, 6 Ala. 146; Self v. Herrington, 11 Ala. 489; Booth v. Dexter Co., 118 Ala. 369, 24 South. 405; Jefferson County Savs. Bk. v. Compton, 192 Ala. 16, 68 South. 261.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.