## BARLOW v. FLEMMING.

1. A contract, for the sale of a horse, which is not reduced to writing, but for the price of the horse a note is given, is not affected by the rule that written contracts cannot be explained by parol evidence. In such a case it is competent to prove by parol that the note was to be returned if the horse died.

WRIT of Error to the Circuit Court of Clarke county.

Assumpsit on a promissory note. At the trial, the defendant offered evidence, tending to show, that the note sued on was given in payment of the price of a horse; that previously to writing the note, he offered to return the horse, alleging it was unsound, and for that reason, he should prefer not to keep it; the plaintiff's intestate then insisted the horse was sound, and in a thriving condition, and told the defendant to close the matter by note, agreeing with him, that if he would give the note, it should be returned if the horse died. The horse died in the possession of the defendant, within a week after the sale was made to him. On this evidence, the court charged the jury, that if there was any condition attached to the contract different and varying from the note, parol evidence of such condition could not be regarded, but if there was such a condition, it ought to have been introduced into the note. The defendant requested the court to instruct the jury, that should they believe it was agreed between the defendant and the plaintiff's intestate, at the time when the note was given, it should be returned if the horse died, then it was without consideration and void, and the plaintiff ought not to recover. This charge being refused, the defendant excepted, as well to the charge given as that refused, and judgment having been rendered on a verdict against him, assigns the same as error.

BLOUNT, for the plaintiff in error.
No counsel appeared for the defendant.

GOLDTHWAITE, J.—In this case, it is certain, the circuit court was in error, with respect to the application of the rule, that a written contract cannot be varied by parol evidence. The

note given as the price of the horse, does not, necessarily refer to the contract of sale, or contain any of its terms. In itself it is a mere promise to pay, and its consideration was a proper subject of inquiry, whether shown by parol or in writing. If the contract respecting the horse had been reduced to writing, then parol evidence would be incompetent; but as it was entirely verbal, the mere execution of the note furnished no ground for the application of the rule. [Cowen & Hill's notes, 10 Phil. Ev. 1473.]

Judgment reversed, and remanded.