Owen v. Henderson.

GREENE, for plaintiff in error, cited 1 Ala. Rep. 43; 7 Porter, 549.

HAIR, contra, cited 2 Ala. Rep. 284; 4 Id. 663; 1 Id. 41; 3 Id. 256; 1 Porter, 359; 3 Stewart & P. 35.

⁓⁓⁓⁓⁓⁓⁓⁓⁓⁓

7  641
102  623

## OWEN v. HENDERSON.

1. *Semble*—a replication should not contain two answers to the same plea, but it may put in issue several facts where they amount to only one connected proposition; and it may contain distinct answers to different parts of the plea, divisible in its nature.

2. A replication to the statute of limitations, that the defendant held the money sought to be recovered, *in trust* for the plaintiff, is bad; the particular character of the trust should be set out, that it might be seen whether it was one of exclusive equitable cognizance, or one against which the statute does not run.

3. A writing acknowledging the receipt of money of the plaintiff, and promising to pay it to him presently, cannot be varied by parol proof, showing that it was to be paid into a Bank, some twenty or thirty miles from the plaintiff's residence.

Owen v. Henderson.

But if the defendant has paid the money into Bank by plaintiff's direction, he might have shown it in his defence; or if he had promised thus to pay it after the note was made, and failed, *perhaps* the plaintiff might show such promise as an excuse for the failure to sue within six years.

4. A promise to pay, without designating any time, imposes a present duty, and the statute of limitations begins to run immediately.

Writ of error to the Circuit Court of Lawrence.

THE defendant in error declared against the plaintiff in assumpsit, alledging, that on the 19th February, 1836, he was indebted to him in the sum of two hundred and fifty dollars, for so much money before that time had and received; and also in an equal sum, for so much money paid, laid out and expended, &c.

The defendant pleaded non-assumpsit, payment, set off, and the statute of limitations. On the three first pleas issues were joined; to the fourth, the plaintiff replied, that the defendant promised to pay within six years previous to the commencement of the suit, unless he could show that he had paid the money into Bank, as he has agreed to do; the non-payment into the Bank is then averred. And the plaintiff further replied, that the defendant held the money for the recovery of which this action was brought, in trust for the plaintiff, and that the claim sued for, was not barred by the statute of limitations. There was a demurrer to this replication, which the record does not show, was disposed of, but it is admitted it was overruled.

The cause was tried by a jury, who returned a verdict in favor of the plaintiff for three hundred and ten dollars damages, and judgment was rendered accordingly. On the trial the defendant excepted to the ruling of the Court. It appears, from the bill of exceptions, that the plaintiff offered in evidence a writing signed by the defendant, of the following tenor: "Rec'd. Moulton, of Samuel Henderson, two hundred and fifty dollars, to be paid in hand. February 19th, 1836. F. C. OWEN." The plaintiff then proposed to prove by D. G. Ligon, that defendant in a conversation with him about the writing adduced, admitted that the sum therein expressed, was to have been paid into the Branch of the Bank of the State of Alabama at Decatur, for the benefit of the plaintiff. To the

admission of this testimony the defendant objected, on the ground, that it tended to vary his written undertaking; but the objection was overruled, and the witness permitted to testify. The same witness further stated, that as the plaintiff's agent he presented the writing to the defendant, in the fall of 1841, and demanded payment thereof. This was the first demand proved. It was not shown that the defendant made the writing as the agent of the plaintiff, or otherwise, except as shown by his signature thereto.

The defendant then proved that both the plaintiff and himself were residents of the town of Moulton, and its vicinity, and that Decatur was but twenty-two miles distant from their residence.

The defendant prayed the Court to charge the jury, that as the writing adduced by the plaintiff did not specify any day of payment, it was to be considered as due within a reasonable time after its date, and that it was to be inferred from all the facts proved, what was a reasonable time. This charge was refused, and the Court charged the jury, that if they believed the defendant held the money as the agent of the plaintiff, and had not paid it into Bank, the same was not due, until it was demanded; and if a demand was not made until the fall of 1841, it was not due until that time, and the statute of limitations did not begin to run sooner.

L. P. WALKER, for the plaintiff in error, made the following points: 1. The replication to the fourth plea is double, presenting two distinct issues, one of fact and another of law, and could only be answered by two rejoinders, and should have been held bad. [1 Chitty's Plead. 260; 4 Phil. Ev. 136, 234: 20 Johns. Rep. 33.] 2. An attorney who receives money, is not such a trustee that he cannot plead the statute of limitations. [1 Rand. Rep. 284.] 3. The writing itself must determine when the money was demandable, and the plaintiff cannot countervail the statute of limitations by extrinsic proof, even if it were possible for him to show, positive ignorance of the defendant's failure to pay the money into the Bank. [Mardis' adm'rs. v. Shackleford, 4 Ala. Rep. 506-7; Kavanaugh, adm'r. v. Weedon, 1 Ala. Rep. 231; Maury's adm'r. v. Mason's adm'r. 8 Porter's Rep. 219; Murray v. Coster, 20 Johns. Rep. 576.]

W. COOPER, for the defendant in error, insisted—1. The writing on which plaintiff below relied, might be explained by parol proof.   2. The statute of limitations did not begin to run, until Henderson had notice, that Owen had not paid the money into the Bank, or that he claimed adversely.   The non-payment was a fraud, and the statute does not begin to run where there is a fraud, until the fraud is discovered.   [Wells v. Fisk, 3 Pick. Rep. 74; Saxton v. Chamberlain, 6 Pick. Rep. 426; Farnham v. Brooks, 9 Pick. Rep, 212; Lewis v. Stafford, 4 Bibb's Rep. 321; Mass. Turn. P. Co. v. Field, 3 Mass. Rep. 201.]

COLLIER, C. J.—The replication, it is said, should not be double, or in other words, contain two answers to the same plea; although it may put in issue several facts, where they amount to only one connected proposition, and it may contain distinct answers, to different parts of a plea divisable in its nature.   So far as the replication sets out a conditional promise to pay within six years, it is certainly good; but the latter branch, which insists that the defendant held the money in trust for the plaintiff, is bad.   It is difficult to conceive of a trust that could be enforced at law, against which the statute of limitations would not run; but be this as.it may, the character of the trust should be set out, that the Court might see whether it was entitled to the exemption claimed.

It is difficult to conceive, what it would avail the plaintiff to show, that the defendant undertook to pay the amount expressed in the receipt, into the Branch Bank at Decatur.   If intended to vary the legal effect of the writing, it was clearly inadmissible.   The interpretation of the defendant's contract as evidenced by the paper, is an acknowledgment, that he had received two hundred and fifty dollars, and would pay that sum to the plaintiff when required, or immediately.   It is certainly very awkwardly expressed, but the words, "to be paid in hand," must at least mean to be paid to the party advancing the money; whether presently or not, is wholly immaterial, as the failure to stipulate a time, makes it due, as soon as the writing was delivered.

If the defendant had paid the money into Bank, by the plaintiff's directions, he might have shown it as a defence.   So, if

he promised thus to dispose of it, after the writing was made, the plaintiff might, perhaps, show such promise, as an excuse for not suing until time was afforded for that purpose.    What that time should be, would of course depend upon the distance of the defendant's residence from the Bank, its accessibility, &c.

The contract, we have seen, was an undertaking to pay the money presently, or on request; the charge of the Court, that it was not due until demand made, cannot be supported.    The duty imposed upon the defendant being such as we have indicated, the statute of limitations began to run from the date of his promise. [See Mardis' adm'rs. v. Shackleford, 4 Ala. Rep. 493; Johnson v. Johnson, 5 Ala. Rep. 90.]

The facts stated in the bill of exceptions, and the ruling of the Circuit Court, do not require us to give to this case a more extended consideration.    The consequence is, that the judgment must be reversed and the cause remanded.