# Hunter *v.* Wood.

### *Action on Promissory Note.*

1. *Demurrer, rulings on; when not revised.*—Judgment on demurrer, which is shown only by the recitals in the bill of exceptions, can not be revised on error.

2. *Note payable on demand; when draws interest.*—Interest runs on a note payable on demand, only from the time of demand made, or suit brought, and the fact that the note was given for money received at the time it was made, does not change the rule.

3. *Same; what not necessary to maintain suit on.*—Suit on a note, payable on demand, may be brought without a previous request for payment, the suit itself being equivalent to a demand.

APPEAL from Randolph Circuit Court.

Tried before Hon. WM. H. SMITH.

This was a suit brought by appellee on a promissory note, payable on demand, on which were indorsed three payments.

The appellant filed a plea of *non assumpsit*, and a special plea that no demand had been made before suit brought. Issue was joined upon the first plea, and the bill of exceptions recites that a demurrer was sustained to the second plea, but the record discloses no action on the demurrer. No evidence but the note sued on was introduced, and the court, of its own motion, charged the jury that "the plaintiff was entitled to recover the face of the note, less the several

payments indorsed thereon, and that the note bore interest from the day after its date;" to which charge the appellant excepted.

The appellant requested the following charges : 1. "That the plaintiff is entitled to interest on said note only from the commencement of this suit." 2. "That before the plaintiff is entitled to recover any part of the note sued on, he must prove a demand for payment prior to the commencement of this action." The court refused each of these charges, and an exception was reserved to its rulings.

The charges given and refused, and the ruling on the demurrer, are now assigned as error.

JAMES AIKEN, for appellant.—Interest should be computed only from the date of demand for payment.—Parsons on Notes and Bills, 393; *Maxey v. Knight*, 18 Ala. 300; *Patrick v. Clay*, 4 Bibb, 246.

CICERO D. HUDSON, *contra*.—No demand was necessary, and each payment is a demand. Courts will construe contracts in the light in which parties have treated them, and the parties here had both treated the note as due.

MANNING, J.—The error assigned upon a supposed judgment of the circuit court, sustaining a demurrer to the plea, is not properly presented by the record of this cause. The transcript of the minutes of the court, where only such judgment can legally appear if it was rendered, does not contain it; and it cannot be shown by a recital that it was rendered, made in the bill of exceptions.—*Petty v. Dill*, 53 Ala. 641.

The demurrer is a part of the pleading in the suit, and the decision of the court, whether sustaining or overruling the demurrer, should appear in the record as regularly made, whether any bill of exceptions be taken or not, and should not be set forth in any bill of exceptions.

Interest runs on a note payable on demand only from the time when demand is made, or suit upon it brought.—*Maxey v. Knight*, 18 Ala. 300; *Dodge v. Perkins*, 9 Pick. 369; *Brefogle v. Beckley*, 16 Serg. & R. 264; *Dillon v. Dudley*, 1 Marsh. (Ky.) R. 66. And it makes no difference that the note was given, as this one seems to have been, for money received at the time it was made.—*Schmidt v. Limehouse*, 2 Bailey, 276; *Pullen v. Chase*, 4 Pike (Ark.) 210.

The court, therefore, erred in its instructions to the jury, that plaintiff below was entitled to interest from the day

[Alabama Gold Life Ins. Co. v. The Central Agr. and Mech. Association.]

next after the date of the note, and in refusing the second charge asked on behalf of defendant below.

It was not error to refuse the third charge asked for defendants below. It has been long settled, whether logically or not, that suit on a note payable on demand may be brought without a previous request of payment, the bringing a suit being itself considered a lawful demand.—*Maxey v. Knight, supra; Hunt v. Nevers*, 15 Pick. 500; *Wells v. Abernathy*, 5 Conn. 222.

As we suppose that upon a re-trial of the cause, express evidence will be given on the subject of demand, it is unnecessary to consider whether the credits on the note can be regarded as evidence of a demand of more than was paid.

Judgment reversed, and cause remanded.