# Maness *v.* Henry.

*Action on Promissory Note.*

1. *Pleading breach of agreement; sufficiency of plea.*—A person bought an interest in property which was covered by a mortgage, and subject also to a lien which had priority of the mortgage, and, under an agreement with the seller and the mortgagee, gave his note for the amount due directly to the mortgagee, instead of to the seller. In an action on the note, the defendant pleaded failure of consideration, in that the plaintiff, in consideration of defendant executing the note to him, agreed to furnish the money to buy in the property if it should be sold under said prior lien, which the plaintiff failed to do when the property was so sold. *Held*, that the plea failed to show a breach of the agreement by the plaintiff, as it did not allege that any demand was made on him to furnish the money to buy in the property.

2. *Failure of consideration; sufficiency of plea.*—In an action on a promissory note, the defendant pleaded partial failure of consideration, in that "the cotton press for which this note was partly given was never delivered to the defendant by plaintiff, or any one else, though defendant has always held himself in readiness to accept the same if delivered." *Held*, that the plea was insufficient, in failing to show that plaintiff had undertaken to deliver said press, or that it had been sold by him to defendant.

3. *Error without injury, in sustaining demurrer to special plea*—The sustaining of a demurrer to a special plea, if erroneous, is error without injury, when the same defense was equally available under another plea upon which issue was joined.

4. *Striking out improper averments in pleading.*—It is not error to

[Maness v. Henry.]

strike out averments in a plea as to the defendant's undisclosed conclusions or intentions, which could not constitute elements of the defense set up by the plea.

5. *Parol evidence of stipulation added to written contract.*—Oral evidence is admissible to prove a contemporaneous, collateral agreement relating to the same subject-matter as a written contract, only where the court can properly infer from the circumstances of the case that it was not the intention of the parties that the writing should be a complete memorial of the entire transaction between them.

6. *Parol agreement to release party from liability on note.*—The verbal promise of the holder of a note, unsupported by any consideration, not to hold the maker responsible thereon, can not avail to release the maker from liability on the note.

7. *Memorandum on note not amounting to alteration.*—A pencil memorandum on a note, which could not be mistaken for an attempted alteration of the note, does not render the note inadmissible in evidence.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

This action was brought by the appellee, A. G. Henry, against the appellant, George L. Maness; and was founded on the defendant's promissory note for $225, dated January 27, 1886, and payable to plaintiff one day after date. The defendant pleaded the general issue, and also several special pleas. The second plea,—after alleging that, before the execution of the note sued on, one Shields purchased a certain tract of land, on which the vendor retained a lien for the unpaid purchase-money, erected thereon a gin-house, press, and other attachments thereto, upon which he executed a mortgage to the plaintiff,—set up a failure of consideration for the note sued on, in that the defendant, having concluded to purchase from said Shields a half interest in said gin-house, press, and attachments, "was unwilling to purchase the same until he had made some arrangements concerning the mortgage and the unpaid purchase-money. Accordingly, in company with Shields, defendant called upon plaintiff, and there it was agreed among and between them that defendant should purchase an interest in said gin-house and attachments, that, in payment for the same, the defendant should execute a note for $225 payable to plaintiff, and, in consideration for all which, plaintiff agreed to release his mortgage, and he also further agreed that, should said land ever be sold for the purchase-money due for same, he, plaintiff, would furnish the money to buy it in, and defendant should retain his interest in the gin-house and attachments. Said land was afterwards sold under a decree of the Chancery Court of Marshall county for the payment of the purchase-money, but said Henry failed to comply with his promise to furnish the money, as stated above; whereby,

[Maness v. Henry.]

defendant lost all his interest in said gin-house and attachments, by said sale." The third plea alleged that the plaintiff was due the defendant four hundred dollars for damages for the breach of the agreement to furnish money, as stated in the second plea, and offered to recoup this amount of damages against the demands of the plaintiff. The fourth plea was as follows : "That the consideration for said note hath partially failed in this, that the cotton-press for which this note was partly given was never delivered to the defendant by plaintiff or any one else, though defendant has always held himself in readiness to accept the same if delivered." And the fifth plea was, "That the plaintiff has, since the sale under the chancery decree mentioned above, released the defendant from all liability whatsoever on this note." The plaintiff demurred to the special pleas of the defendant; assigning, among others, the following grounds of demurrer: to the second plea, that said plea showed on its face that there was no failure of consideration; that the said plea showed no demand made on the plaintiff by any one to advance the money necessary to discharge said incumbrance on said land; that the plea showed no consideration for the promise of plaintiff to furnish the money with which to pay off said incumbrance on the land. To the third plea, each of the grounds of demurrer assigned to the second plea, and also, that the damages therein claimed were too remote and speculative to authorize their being recouped against the demand of the plaintiff. To the fourth plea, that said plea showed no obligation on the part of the plaintiff to deliver to the defendant any cotton-press. To the fifth plea, that said plea failed to aver or show any consideration for said release, and that the said plea did not aver or show how said release was made. These demurrers were sustained, and the defendant was granted leave to amend. The defendant filed amended pleas, and also several additional pleas, upon which issue was joined. On motion of the plaintiff, the following averments in the second plea, as amended, were stricken out: "Thereupon, defendant concluded to purchase from Shields a half-interest in said gin-house, mill, press, &c.; but, the purchase-money of the land and the mortgage to Henry being still unpaid, defendant would not purchase said interest in said machinery without he could make arrangements with the plaintiff and Shields, removing plaintiff's claim, &c. to the property, and protecting himself against the purchase-money incumbrance." The note sued on was introduced in evidence. On the margin of the face of the note there was written in pencil, after the

[Maness v. Henry.]

note was executed: "On D. H. Shields' debt." The defendant objected to the note being admitted in evidence, unless the plaintiff would erase this pencil writing from the face of the note. The court overruled this objection, and admitted the note in evidence without such erasure, and to this ruling the defendant excepted. On the evidence adduced, the court, on request of the plaintiff, charged the jury that, if they believed the evidence, they should find for the plaintiff. The defendant excepted to the giving of this charge. There was judgment for the plaintiff, and the defendant appeals, and now assigns as error the rulings which are considered in the opinion, and also other rulings which were not relied on in the argument of counsel for the appellant.

BROWN & STREET, for the appellant.

LUSK & BELL, contra.

WALKER, J.—We will notice only such rulings of the Circuit Court on the plaintiff's demurrers to the defendant's pleas as are claimed in the argument for the appellant to have been erroneous. Without reviewing the grounds of demurrer in detail, the following statement in reference to the several pleas which are noticed in the argument will be sufficient: (1.) The agreement relied on in the second plea was to the effect, that in the event of a sale of the land therein mentioned for unpaid purchase-money, the plaintiff would furnish the money to buy it in. It is not averred that the plaintiff agreed to buy in the land himself, or that he was to proffer or tender the money to any one else for that purpose, without a previous demand upon him. The averments do not show that any obligation in that regard was assumed by the plaintiff in the absence of a request for the money required to buy in the land. The plea fails to show a breach of the agreement by the plaintiff, as it does not allege that any demand was made on him to furnish the money. (2.) The third plea is defective in the same particular. It is not alleged that any demand was made upon the plaintiff to furnish the money according to the terms of his agreement. (3.) The allegations of the fourth plea do not show that any agreement or undertaking by the plaintiff to deliver the cotton-press entered into the consideration for the note sued on. This plea does not connect the plaintiff with the duty to deliver the cotton-press to the defendant, and does not allege that it was sold by the plaintiff to the

[Maness v. Henry.]

defendant. (4.) The fifth plea merely states the legal conclusion that the plaintiff has released the defendant from liability on the note sued on, and does not show that the agreement to release was supported by any consideration. Furthermore, the defendant had the advantage, under other pleas, of the matter set up in this one. (5.) Under the second plea as amended, upon which issue was joined, the defendant had full advantage of the matter set up in the sixth plea, assuming that the latter plea sufficiently averred any fact or state of facts constituting a defense. Sustaining the demurrer to it, if error at all, was error without injury.

The part of the second plea as amended which was stricken out was merely an averment as to the defendant's undisclosed conclusions and intentions. The thoughts in his mind, not suggested by any conduct or statement of the plaintiff, could not be an element of the defense set up by the plea. There was no error in striking out such averment.

The note sued on was given under the following circumstances: One Shields owned a gin and mill situated upon a tract of land on which there was a vendor's lien for unpaid purchase-money, and upon which there was also a mortgage which was owned by the plaintiff, who is the appellee here. The appellant, under an arrangement between himself, Shields, and the appellee, purchased from Shields a half interest in the property. The following written agreement on the subject was entered into and signed by the three parties: "George Maness has bought from D. H. Shields one-half interest in the mill and gin of D. H. Shields, and I have a mortgage on the gin and mill, and it is agreed that George Maness pay to A. G. Henry the sum of two hundred and twenty-five dollars, and Maness has executed his note to A. G. Henry for that amount, and when this sum of two hundred and twenty-five dollars is paid by Maness to Henry, it is agreed that the half part that Maness buys from Shields is to be released from Henry's mortgage, and Shields is to secure A. G. Henry by a mortgage or other security for the debt that Shields yet owes Henry on this property." The note sued on is the one mentioned in the foregoing agreement. On the motion of the plaintiff, the court excluded parol evidence offered by the defendant to show that on the day the written agreement was signed, and as a part of the transaction between the defendant, the plaintiff, and Shields, the plaintiff agreed that, in the event of a sale of the land to satisfy the vendor's lien, he would furnish the money to buy in the land, and that he had failed and refused to comply with this agreement. This evidence was properly excluded.

[Maness v. Henry.]

The plaintiff had no interest in the vendor's lien except that it was an incumbrance on the property which was superior to his mortgage. The mortgage represented the only claim he had on the property. The written agreement appears upon its face to be a complete and final statement of the whole of the transaction between the parties. The writing clearly indicates that the plaintiff simply agreed to release from the lien of his mortgage the half interest in the property purchased by the defendant, when the latter paid the amount of the stipulated purchase price, represented by the note, which was made directly to Henry, the mortgagee, instead of to Shields, the seller. Oral evidence is admissible to prove a contemporaneous, collateral agreement relating to the same subject-matter as the written contract, and forming part of the consideration thereof. The admission of such proof is not to be allowed when it involves a violation of the rule against varying or contradicting the terms of a written instrument by parol evidence. It is often difficult to determine whether the admission of such evidence involves a contradiction or modification of the terms of the writing. The limit to its admissibility is marked by established qualifications of the rule permitting it to be received. One of these qualifications, which is fixed as a practical safeguard against the possible operation of parol evidence to narrow or change the legal effect of a written instrument, is, that such evidence should be admitted to prove a contemporaneous agreement relating to the same subject-matter as the written contract, only where the court can properly infer, from the circumstances of the case, that it was not the intention of the parties that the writing should be a complete memorial of the entire transaction between them.—*Powell v. Thompson*, 80 Ala. 51; 17 Amer. & Eng. Encyc. of Law, 443. There is no room for such an inference from the circumstances developed by the proof in this case. It is plain that the object of Maness and Shields in having the meeting with Henry on the occasion when the note and contract were executed was to make some arrangement with him which would enable Maness to make the purchase from Shields in such a way that the interest which he would acquire might not, when it was paid for, be subject to Henry's claim on the property. This object was accomplished by the execution of the tripartite agreement, and of the note given in pursuance of the terms thereof. The agreement is in the form of a memorandum of the entire transaction between the parties. The circumstances all point to the conclusion that the writings embody all the terms of the agreement finally

[Maness v. Henry.]

reached by the parties, after consultation and negotiation. To admit proof of what was said on the same occasion, but before the writings were signed, about another matter affecting the property in question, but which was not connected with Henry's claim, would manifestly involve the risk of setting up as binding obligations mere statements and expressions made in the course of the negotiation, which did not enter into the final agreement as reduced to writing. The terms of the written agreement can not be altered, varied or contradicted by parol proof of previous or contemporaneous verbal stipulations. Apparently, such a result would be involved by the evidence offered by the defendant to show that the plaintiff, on the occasion when the written agreement and the note sued on were executed, verbally added another stipulation to the contract, so as to cover the matter of the vendor's lien. For this reason it was proper to exclude that evidence.

The defendant's claim that the plaintiff agreed to release him from liability on the note rests on his testimony to the effect that when he stated to Henry, sometime after the note was made, that he wanted to be released from the debt, the latter replied that he considered him already out, and did not hold him responsible any longer. It is true that a contract in writing, whether under seal or not, executory in all its terms, involving mutual duties, may, by a subsequent parol agreement, be modified, altered or rescinded; and the mutual assent of the parties is a sufficient consideration to support their agreement to this effect.—*Robinson v. Bullock*, 66 Ala. 584. But a mere verbal waiver by one party, unsupported by any consideration moving from the other, will not bar the former's rights. Such a one-sided agreement, being supported by no consideration at all, can not avail to discharge the obligation imposed upon the other party by the contract.—3 Am. & Eng. Encyc. of Law, 889. In the present case there was no proof of a valuable consideration to support the alleged waiver by the plaintiff. His statements to the witnesses Shields and Robinson, respectively, to the effect that he did not consider Maness in the matter, and that he did not hold Maness responsible, did not tend to show the existence of a valid agreement on his part to discharge Maness from liability on the note.

The evidence disclosed no defense to the note, and the plaintiff was entitled to a recovery thereon. The writing in pencil on the note was manifestly a mere memorandum, and could not be mistaken for an attempted alteration. It may be conceded that the endorsement on the mort-

[Memphis & Charleston R. R. Co. v. Brannum.]

gage was not competent evidence in the case. In view of the fact that the plaintiff's right to recover on the note was supported by the uncontroverted competent evidence in the case, the rulings of the trial court on the points just suggested could not have involved any injury to the defendant. We have discovered no error to his injury in the record.

Affirmed.