# Jefferson County Savings Bank *v.* Compton.

### *Assumpsit.*

(Decided April 22, 1915. 68 South. 261.)

1. *Corporations; Stock; Notes in Payment.*—Where a note is given in payment of corporate stock and suit is brought thereon. it is no defense that the certificate of stock has not been delivered, unless demand has been made for the certificate, the certificate being only evidence of the stock and not the stock itself; hence, a plea which alleges a failure to deliver, but fails to allege a demand made for the certificate is demurrable.

2. *Evidence; Parol; Note; Condition of Payment.*—As between the immediate parties, if the terms of a written contract are not thereby varied, parol evidence is competent to show the consideration for a note, and the conditions on which it is payable.

3. *Bills and Notes; Holder in Due Course.*—Unless the holder of a note had notice of the agreement, the maker thereof cannot defend an action thereon by setting up an oral agreement that the note was to become payable only on certain conditions.

4. *Same; Pleading.*—Without pleading such an agreement, the maker of a note cannot defend an action thereon on the ground of an oral agreement, making his liability conditional.

. 5. *Evidence; Parol; Stock Subscription.*—Where a note was given in payment of a written subscription for corporate stock, which written subscription contained no condition, parol evidence was not admissible to show that the note was payable only on certain condition.

6. *Charge of Court; Restriction to Evidence.*—A charge predicating a conclusion. upon the belief of the jury, without restricting them as to the evidence before them, was improper.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Assumpsit by the Jefferson County Savings Bank against J. H. Compton. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The action was on a negotiable promissory note payable to Planters' Co-operative Stores Company, and by them transferred to the plaintiff before maturity for value. Plea 2 is that the note sued on is without consideration. Plea 8 is, in material substance, that the

only consideration for the note was the promise to issue shares of the capital stock of the payee company to the defendant, "and said stock was never delivered to defendant." This plea alleges that an inducement, forming part of a consideration for the undertaking, was the promise that he would be made president of the payee company. Plea 10 is that the consideration was for stock, as in plea 8, with the allegation that no such stock was ever issued to him or accepted by him. Plea 11 avers the same consideration, coupled with the promise of payee to make defendant president of the company, or to hold the note as void. Demurrers to these pleas being overruled, plaintiff replied to each of them that it was a holder in due course of the note sued on, besides making a general denial. The trial was had on these pleadings, and resulted in a verdict and judgment for defendant.

WILLIAM CUNNINGHAME, for appellant.

ABRAHAMS & TAYLOR, for appellee.

SOMERVILLE, J.—(1) In an action by a corporation on a promissory note given by a subscriber in settlement of his subscription "it will be no defense that the corporation failed to deliver to defendant a certificate of his shares, since the certificate does not constitute the shares, but is merely an evidence or muniment of his title, especially where the subscriber has not demanded the certificates and the corporation has not refused to deliver them."—10 Cyc. 526 (VII), and cases cited. See, also, *Birmingham Nat. Bank v. Roden*, 97 Ala. 404, 407, 11 South. 883: *Galbraith v. McDonald*, 123 Minn. 208, 143 N. W. 353, L. R. A. 1915A, 464, Ann. Cas. 1915A, 420, and note collecting the cases; *Gettysburg Bank v. Brown*, 93 Am. St. Rep. 352, 368, note.

It results from this that pleas 8 and 10 are defective in not averring that the payee company failed or refused *upon proper demand* to issue the stock certificates to defendants, and the demurrer to each of them should have been sustained. The error thus indicated was adhered to throughout the trial, and the trial judge instructed the jury that, if the note sued on was given for stock which was never issued, then the consideration for the note ipso facto failed. For these errors the judgment must be reversed and the cause remanded.

The evidence shows without dispute that defendant bought $1,500 worth of corporate stock from the payee of the note, the price being payable, as shown by the note, a year later; but it was agreed that the note was not to be paid unless the payee's business "became a paying proposition;' if it did, the note was to be paid and the stock issued to defendant; if not, the note should be returned to him. It appears, also, that this company and its business failed and went into bankruptcy in the summer of 1912, about four months before the time for the consummation of the contract of stock purchase; that it never issued any certificates of stock to defendant, and was never requested by him to do so.

(2) Where the terms of a written contract are not thereby varied or contradicted, it is always competent, as between the immediate parties, to show the real consideration for a promissory note, and to show by parol evidence the terms and conditions upon which it is payable, or by which payment may be avoided.—*Barlow v. Fleming,* 6 Ala. 146; *Corbin v. Sistrunk,* 19 Ala. 203; *Self v. Herrington,* 11 Ala. 489; *Booth v. Dexter Co.,* 118 Ala. 369, 379, 24 South. 405.

(3, 4) Proof of any condition attached to the payment of this note, and of its non-fulfillment, could be properly made in defense of this suit, provided, of

course, that notice thereof was fastened upon the plaintiff, and that the pleadings were appropriate. However, we find no plea setting up the condition and its breach as actually shown by the evidence, and hence evidence of it was not properly receivable if objected to as variant or irrelevant. An amendment in this respect seems to be required.

(5) It may be conceded that if defendant had been a subscriber in writing for original stock, with the obligations imported thereby, the parol evidence in question would not have been admissible, since it would have varied a written obligation.—10 Cyc. 413 (IV).

(6) Charge A, given for defendant, predicates a conclusion upon the belief of the jury, without restriction as to the evidence before them. This form of instruction should, of course, be avoided.

What we have said will be a sufficient guide for another trial; and we need not notice all the rulings assigned for error.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.