(90 South. 898)
**WELLS et al. v. DRANE et al. (7 Div. 217.)**

(Supreme Court of Alabama. Oct. 27, 1921.)

Evidence ⬤�longleftarrow419(15)—Parol evidence rule does not exclude evidence as to consideration of note.

A promissory note is not affected by the rule that written contracts cannot be explained by parol evidence, and its consideration is a proper subject of inquiry, whether shown by parol or in writing.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Action by R. W. Drane and another against J. G. Wells and another. Judgment for plaintiffs, and defendants appeal. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Ross Blackmon and J. B. Holman, Jr., both of Anniston, for appellant.

It was competent to show by parol evidence partial failure of consideration for the note. 192 Ala. 16, 68 South. 261; 185 Ala. 206, 64 South. 40; 6 Ala. 146; 11 Ala. 489; 19 Ala. 203; 41 Ala. 187; 57 Ala. 444; 72 Ala. 286; 118 Ala. 369, 24 South. 405.

Lapsley & Carr, of Anniston, for appellee.

Counsel discuss the assignments of error, but without citation of authority.

SAYRE, J. Appellees sued to recover the sum of $500 due by promissory note given to secure a balance on the contract price of a poolroom business which they had sold to appellants. Appellants defended on the ground, among others, that at the time of the sale the parties had agreed that, in the event the city of Anniston should revoke the license for which appellees had paid for the current year, 1919, appellees "would make reduction of or rebate to the defendants [appellants] the sum of five hundred dollars ($500.00) on the purchase price of said business." Demurrer to this defense (plea 4) was overruled. This ruling thereupon became the law of the case.

Appellees rested upon the introduction of the note declared upon. Appellants then introduced the witness John A. Carter, Jr., and after he had testified that as a "go-between" he had negotiated the sale in question, interrogated him as follows:

"Tell the jury whether or not the license on the business at the time by the city of Anniston was considered as a basis of value in arriving at the price of $8,000."

Appellees objected generally, and then appellants supplemented this question as follows:

"We propose to prove by him that the consideration for the $500 sued on was for the license on the pool room, and that it was agreed between the sellers and buyers that if the license were revoked or suspended for any cause that the consideration for this note would fail."

Whereupon the court sustained the objection and appellants duly excepted.

It is a fair inference from what else appears in the bill of exceptions that the court sustained this objection for the reason that the contract between the parties—the contract of sale—was in writing and not subject to variation or contradiction. But it was not made to appear that the contract was in writing, and as for the note, it was not affected by the rule that written contracts cannot be explained by parol evidence. In itself it was a mere promise to pay, and its consideration, under plea 4, was a proper subject of inquiry, whether shown by parol

⬤⟻For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

or in writing. Barlow v. Flemming, 6 Ala. 146. In fact, appellants did not seek to vary or contradict the note; they merely offered to show what its consideration was as going a material part of the way towards sustaining their plea; and that was permissible. Reader v. Helms, 57 Ala. 440, where many cases are cited.

Something is said in the briefs about the legality or illegality of the contract which appellants sought to prove; but we have not before us information upon which to found a judgment as to that. It may be inferred that the cause of revocation contemplated in the term of the contract appellants sought to prove, and against which, according to the plea, were secured in part, had arisen before the contract, and, for aught appearing, the municipal authorities may have consented to the transfer.

Fairly interpreted, we think the record shows reversible error.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.