153 So. 417

## PERKINS OIL CO. OF DELAWARE v. DAVIS.
### 8 Div. 573.

Supreme Court of Alabama.
March 1, 1934.

Bradshaw & Barnett and Robt. M. Hill, all of Florence, for appellant.

Simpson & Simpson, of Florence, for appellee.

KNIGHT, Justice.

■ Suit by holder of a promissory note against an accommodation indorser. The rights of a bona fide holder, in due course, before maturity, are not involved. Under the pleadings and evidence in the case, any defense open to the defendant as against plaintiff's assignor, is equally available to him against the plaintiff. Code, § 9084; Fortson v. Bishop, 204 Ala. 524, 86 So. 399.

The plaintiff's case is stated in count 2, in which the note is set out in full, including the indorsement upon the back of the note, under which defendant's name is signed.

The defendant filed quite a number of pleas, some of which were subsequently stricken, upon his motion, and to some of which demurrers were sustained. The plaintiff, having been cast in the suit, here complains of a number of the rulings of the trial court. Assignments of error numbered 9, 10, 11, 12, and 13 present for review the action of the court in overruling certain grounds of appellant's demurrer to pleas A and 6.

In his brief, appellant argues only the first and fourth grounds of his demurrer to plea A. He submits no argument to show the insufficiency of plea 6.

■ Under our uniform ruling, we will here consider only those grounds of demurrer which are argued, and will treat as waived, or abandoned, the demurrer to plea 6. St. Louis-S. F. R. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433; Futvoye et al. v. Chuites et al., 224 Ala. 458, 140 So. 432; Howell v. Moon, 217 Ala. 421, 116 So. 518.

■ The defendant's plea A appears in the report of the case, and we deem it here unnecessary to restate it. We do not think this plea subject to the defect pointed out in either the first or fourth ground of demurrer.

It must be kept in mind that the plaintiff's rights under the note were no greater or better than those of its assignor, the Tuscumbia Oil Mill, and if the defense asserted by the defendant under its plea A would be available to him in an action by the Tuscumbia Oil Mill, it was and is equally open to him in this suit.

In the case of Jefferson County Savings Bank v. Compton, 192 Ala. 16, 68 So. 261, 262, in an opinion by the late Justice Somerville, it was said:

"Where the terms of a written contract are not thereby varied or contradicted, it is always competent, as between the immediate parties, to show the real consideration for a promissory note, and to show by parol evidence the terms and conditions upon which it is payable, or by which payment may be avoided. Barlow v. Flemming, 6 Ala. 146;

Corbin v. Sistrunk, 19 Ala. 203; Self v. Herrington, 11 Ala. 489; Booth v. Dexter Co., 118 Ala. 369, 379, 24 So. 405.

"Proof of any condition attached to the payment of this note, and of its nonfulfillment, could be properly made in defense of this suit, provided, of course, that notice thereof was fastened upon the plaintiff, and that the pleadings were appropriate."

In the Jefferson County Savings Bank Case, supra, a suit was brought upon a promissory note made by Compton for a certain share of capital stock in the Planters' Co-operative Stores Company. This note was transferred to the Jefferson County Savings Bank, and the latter brought suit thereon against the maker. The evidence showed that defendant bought the stock from the payee of the note, but it was agreed that the note was not to be paid unless the payee's business became a paying proposition; if it did, the note was to be paid, and the stock issued to the defendant; if not, the note should be returned to the defendant. It was in evidence that the payee failed and went into bankruptcy. The court held that the defendant could assert this defense to defeat the action on the note under proper pleading.

The fact must not be lost sight of that the defendant in this action is setting up a collateral parol agreement, not only on the part of the makers of the note, but also of the payee, touching and concerning the same matter as that of the note, and which does not vary or contradict the writing. The defendant brings forward by his plea a collateral agreement of the Tuscumbia Oil Mill with the defendant, by which it assumed on its part, in consideration of, and as an inducement to defendant's indorsement of said note, certain obligations or duties of the defendant touching the note, that is, it was to receive and apply the proceeds of cotton seed delivered to it by the Snoddys during that year in payment of said note, that it had a contract with the Snoddys to that end, and that thereafter the Snoddys did in fact deliver an amount of cotton seed to the payee more than sufficient to pay said note. The defendant, by its plea, does not attempt to vary or contradict his contract, but asserts that under the contract he had with the payee, said note had been discharged.

▬ We are not unmindful of the fact that in order to let in evidence of a collateral agreement between the parties, such agreement must be entirely consistent with the terms of the written instrument, and if the evidence tends to vary or contradict the writing, or to defeat its operation, it would be inadmissible. 22 C. J. 1248.

In the case of Barlow v. Flemming, 6 Ala. 146, the plaintiff sued on a promissory note given for a horse. The contract for the sale of the horse was not in writing. In that case, this court held that it was competent to prove by parol that the note was to be returned if the horse died.

In our recent case of Bell, Rogers, etc., Bros. v. Jenkins, 221 Ala. 652, 130 So. 396, 397, this court, while recognizing the rule that parol evidence was inadmissible to vary or contradict the terms of a written contract, had this to say with respect to a collateral parol agreement about the same subject-matter: "But it is equally well settled that evidence of a collateral parol agreement about the same matter as that of the writing, but which does not vary or contradict the writing, is admissible upon proper pleading. Middleton v. Ala. Power Co., 196 Ala. 1, 71 So. 461; Roquemore v. Vulcan Iron Works, 151 Ala. 643, 44 So. 557; Maness v. Henry, 96 Ala. 454, 11 So. 410; Jefferson County Sav. Bank v. Compton, 192 Ala. 16, 68 So. 261; Mid-Cont. Life Ins. Co. v. Beasley, 202 Ala. 35, 79 So. 373."

In that case, it was claimed by the defendant that the payee of the note, and mortgagee of the crops, agreed at the time of taking the note and mortgage given as the price of seed and fertilizer to make the crop, that he would purchase the potatoes when ready for market at market price. The court held the defendant could show this agreement, though resting in parol, and that the reception of such evidence did not violate the rule that parol evidence is not admissible to vary or contradict the terms of a written contract.

There is nothing in the case of Holczstein et al. v. Bessemer Trust & Savings Bank, 223 Ala. 271, 136 So. 409, which conflicts with the holding in the above-cited cases. The pronouncement in the Holczstein Case is sound, and abundantly supported by the authorities. But the defense set up in that case by the defendant to defeat the action is quite different from the defense set up in this case.

Nor is there any conflict in the holdings in the case of Bell, Rogers, etc., Bros. v. Jenkins, supra, and our more recent case of Gafford v. Tittle et al., 224 Ala. 605, 141 So. 653. In the latter case the defendant, an indorser, undertook to set up a collateral parol agreement *at variance* with the terms of the written instrument, permitting an extension of time of payment without notice

to the indorsee, which we held could not be done. We adhere to that conclusion.

The appellant relies to some extent, to show error in the ruling of the lower court on his demurrer, upon the case of Grissom v. J. B. Colt & Co., 218 Ala. 336, 118 So. 580. A reading of that case shows that the court only held that the maker of the note could not show by parol evidence a conditional delivery of the contract in direct contradiction of his written promise. And that proof offered to be made would tend to show that there was in fact no contract to pay the plaintiff anything, but merely a contract or an agreement to perform certain labor. The Grissom Case, supra, is distinguishable from the case at bar in point of fact, and presented a different question from the one here involved, and is not an authority against our conclusion in the instant case.

In addition to the foregoing considerations which have led us to the conclusion that the defendant could plead the collateral agreement had with the said Tuscumbia Oil Mill, and joined in by the maker of said note, it must also be borne in mind that the defendant was not the maker of the note—the primary obligor—nor was his position with reference to the note that of a regular indorser in due course, but his attitude was that, and only that, of an irregular or anomalous indorser for accommodation, 8 C. J. p. 74; Holczstein et al. v. Bessemer Trust & Sav. Bank, supra, a fact fully known at the time to the payee.

In cases of irregular indorsement, it seems that this court has steadfastly held that the hard and fast rule governing the obligations assumed by a regular indorser in the usual course of trade has been to a marked degree relaxed. This relaxation of the rule was first pointed out in the case of Hullum v. State Bank, 18 Ala. 805, wherein Chief Justice Dargan, in speaking for the court, observed: "It is said that a blank indorsement of a bill or note, made in the regular course of trade, is a contract defined and ascertained by law, and parol proof cannot be received to show a contract different from that which the law attaches to the act of indorsement.

Wilson v. Black, 6 Blackf. [Ind.] 509; Tankersley v. Graham, 8 Ala. 247. But we think it is settled beyond controversy, that if one write his name on the back of a bill or note, under such circumstances, that it cannot be considered as an indorsement in the usual course of trade, parol proof may be received to show the nature of the contract and the extent of the liability assumed by the party. Thus, if a note be made by A., payable to B., or order, and the name of C. be indorsed on the back of it, the contract is open to explanation, and its real terms may be shown by parol proof. Strong v. Riker, 16 Vt. 554; Crozer v. Chambers, 1 Spencer [20 N. J. Law] 256; Kimbroe v. Lamb, 3 Humph. [Tenn.] 17; [Cushman v. Dement], 3 Scam. [Ill.] 497; [Champion v. Griffith], 13 Ohio, 228."

The case of Hullum v. State Bank, supra, has often been cited by this court with approval.

We are at the conclusion that defendant's plea A was not subject to any of the grounds of demurrer here argued. As heretofore pointed out, no argument is submitted as to the insufficiency of plea 6, and we must, under our uniform ruling in such cases, treat the demurrer as waived. In doing this, we do not wish to be understood as holding that the plea was good. However, whether good or bad, under plea A, the defendant was entitled to make the same defense as was open to him under plea 6, and if there was error in overruling the demurrer to plea 6, the error involved no injury to the plaintiff.

Some exceptions to the action of the court, in overruling objections of the plaintiff, to certain evidence offered by the defendant on the trial, were reserved by the plaintiff. In the view we have taken of the pleadings in the case, the evidence objected to was relevant and admissible.

Finding no reversible error in the record, it follows that the judgment of the trial court must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.