160 So. 224

### ROBERSON et al. v. CANTRELL et al.
6 Div. 706.

Supreme Court of Alabama.
March 21, 1935.

Travis Williams, of Russellville, and C. E. Mitchell, of Hamilton, for appellants.

Ernest Fite, of Hamilton, and Arthur F. Fite, of Jasper, for appellees.

FOSTER, Justice.

This is an action on a promissory note against the principal, not defending, and the sureties, who interposed certain special matter in defense.

There was a judgment for them based upon that defense. On this appeal, the only question argued relates to the competency of that defense. It arises on rulings on demurrer to the special pleas of the sureties on the note.

In appellants' brief, it is stated that all those pleas set up substantially the same facts, summarized in the brief as follows: "That at the time or immediately before the note was executed and delivered to Carpenter it (there) was a verbal agreement between Carpenter and Cantrell and Britton, that Carpenter would collect $50.00 per month from Hall (the principal in the note) out of his wages as mail carrier until the note was paid, or until Hall lost or quit his job, and that Cantrell and Britton would not be called on to pay the note," unless Hall died or lost his job.

The only proposition of law asserted by counsel in respect to the sufficiency of that as a special defense is that it "contradicts a written agreement by previous or contemporaneous verbal agreement." It is noted that no question is thus presented as to the legal effect of such contemporaneous agreement, if it is binding, or the sufficiency of the pleas in their statement of the terms of the agreement, or its breach, nor the effect of its breach, nor that plaintiff had an opportunity to carry it out as made, nor any other matter in connection with the sufficiency of those pleas.

The only question we will consider is the one argued, viz., Is the agreement thus set up one which contradicts the obligations of the note sued on? The pleas set out an agreement which imposes a collateral obliga-

tion on plaintiff. By such agreement, plaintiff stipulated in a way which binds him to do certain things, which when done will to that extent satisfy the obligation of the sureties on the note, but it does not change that obligation. That an agreement of that sort by the payee of a note does not contradict, change, or modify its terms or effect is fully sustained by our cases. Perkins Oil Co. v. Davis, 228 Ala. 190, 153 So. 417; Bell, Rogers & Zemurray Bros. v. Jenkins, 221 Ala. 652, 130 So. 396; Hardegree v. Riley, 219 Ala. 607, 122 So. 814; Mid.-Cont. Life Ins. Co. v. Beasley, 202 Ala. 35, 79 So. 373; Jefferson County Sav. Bank v. Compton, 192 Ala. 16, 68 So. 261. The note does not purport to state any obligation by the payee. A collateral agreement stipulating some duty assumed by him is not contradictory of the note which states the obligation of the makers and indorser. 22 Corpus Juris, 1254, § 1669.

The argument made by appellants relates only to that question. We think the contract asserted in the pleas is that sort of contract which those cases hold is proper matter in defense. We cannot therefore sustain the contention of appellants.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.