173 So. 510

**JACKSON et al. v. SAMPLE et al.**

**8 Div. 772.**

Supreme Court of Alabama.

March 11, 1937.

Rehearing Denied April 15, 1937.

J. G. Rankin, of Athens, and E. W. Godbey, of Decatur, for appellants.

Eyster & Eyster and Harris & Harris, all of Decatur, for appellees.

ANDERSON, Chief Justice.

The note upon which the suit is brought was not set out haec verba, but the complaint describes it as an unconditional promise to pay the sum claimed upon demand. The special pleas set up a collateral parol agreement that the same was not in effect to be paid upon demand, but only at some future time and then only should the earnings of the company be sufficient to pay said note. The pleas therefore set up a parol agreement at variance with and contradictory of the written terms of the note and which does not relate only to the consideration so as to bring the parol agreement within the exception of the rule against the contradiction or variance of written instruments by parol, and which said rule applies to notes as well as other written contracts. Ford v. Southern Motor Co., 208 Ala. 170, 93 So. 902; Rice v. Gilbreath, 119 Ala. 424, 24 So. 421; Hamilton Furniture Co. v. Brenard Mfg. Co., 215 Ala. 187, 110 So. 153; Davenport & Harris Undertaking Co. v. Roberson, 219 Ala. 203, 121 So. 733; Pearson v. Dancer, 144 Ala. 427, 39 So. 474; Walker v. Clay and Clay, 21 Ala. 797.

While the distinction between the foregoing and other cases is apparently quite shady, we find no serious conflict.

In the case of Mid-Continent Life Ins. Co. v. Beasley, 202 Ala. 35, 79 So. 373, the parol agreement related to the consideration; that is, for preferred stock in the company and that common stock was delivered. This, of course, went to the failure of consideration.

In the case of Wells v. Drane, 206 Ala. 583, 90 So. 898, the note sued upon was given for the purchase of the license to operate a pool room and the agreement that the note was not to be paid if the license was revoked. This also went to the failure of consideration.

The case of Jefferson County Savings Bank v. Compton, 192 Ala. 16, 68 So. 261, is not in conflict with the present holding. We have an imposing number of cases, following said case, which hold that "the real consideration for a promissory note * * * and terms and conditions on which it is payable, or by which payment may be avoided, may be shown by parol as between parties, provided that terms of instrument are not contradicted." Skates v. Perkins, 225 Ala. 33, 141 So. 687, 689; Mercantile Finance Corporation of Ala-

bama v. Scruggs, 227 Ala. 585, 151 So. 353; Perkins Oil Co. of Delaware v. Davis, 228 Ala. 190, 153 So. 417; Ward Motor Co. v. Assets Realization Co., 225 Ala. 548, 144 So. 25; Roberson v. Cantrell, 230 Ala. 152, 160 So. 224. Many others are cited in them.

In the case of Davenport & Harris Undertaking Co. v. Roberson, supra, we referred to the fact there applicable that the condition sought to be imposed must not change the integrity or tenor of the contract of the maker. There it was sought to show that the maker was not to be liable until plaintiff had exhausted his remedy against another party. The condition there sought to be shown did not enter into the consideration, but served to make a secondary liability rather than one which was primary as expressed in the note. That was the situation in Cowles v. Townsend & Milliken, 31 Ala. 133.

■ Although it has not in all cases been so expressed, if the so-called condition occur as a breach of the payee's collateral verbal agreement, which was a part of the consideration, such breach amounts to a failure of consideration pro tanto and to that extent is a good defense. This was so expressed in Ward Motor Co. v. Assets Realization Co., supra.

All of our cases, which have allowed this defense, can, we think, be predicated on that theory. And while it is said that the condition on which the note is payable may be shown, that means, as the context makes clear, that the condition is in effect a breach of the payee's contract which was a part of the consideration. It is not necessary that such contract be in that form, but if that is its substance and effect, it will have that result.

In Barlow v. Flemming, 6 Ala. 146, the note was for the price of a horse, with an agreement that if the horse died before maturity, the note was not to be paid. The effect was a warranty that the horse would live for the time. He died, the covenant was breached, though not in the form of a covenant, but a condition. So in Mid-Continent Life Ins. Co. v. Beasley, supra, there was a sale of stock in a corporation, with a note and mortgage to secure deferred payments, and with a verbal agreement that the note was to be paid only out of dividends on the stock. That amounted to a covenant that the stock would earn dividends to be paid in amounts equal to such payments. This theory was not carried into some of our earlier cases, such as West v. Kelly's Ex'rs, 19 Ala. 353, 54 Am.Dec. 192.

But in others the conflict is only apparent, for in reality, the condition sought to be imposed is one which relates to the consideration, as by a breach of a covenant, express or implied. Such is Gliddens v. Harrison, 59 Ala. 481.

In the case of Rice v. Gilbreath, supra, the distinction is still more obscure. The note was not to be paid unless the maker sold enough churns to earn profits sufficient to pay the note. It was said to vary the legal effect of the note.

Whether that case can be distinguished in principle from the Compton Case and those following it or not, the latter case has set a standard too many times followed to set it aside now. In fact, it is sound in principle. The Rice Case, supra, does not conflict in expressing the principle.

■ It is perfectly apparent that if the condition on which a note is payable is the breach of an express or implied covenant made verbally by the payee at or before the note was made, not varying any written contract of such payee, but which was an inducement to its execution, it may be shown in defense, but not so if such condition, not relating to the consideration, has the effect to change the integrity of the contract, and make it speak a different obligation further than as affected by the consideration.

■ A note expressed to be payable at a definite time cannot be shown by a contemporaneous parol agreement to be payable at a different time. Such a note for attorneys' fees for defending a suit is payable at the time named in it, though there was a verbal agreement that it was not to be paid until the suit was tried. Walker v. Clay and Clay, supra.

■ A note payable on demand is due immediately after delivery, without further notice or demand. Falkner v. Protective Life Ins. Co., 228 Ala. 57, 152 So. 34; First Nat. Bank v. Blue, 20 Ala.App. 107, 101 So. 75; Mobile Sav. Bank v. McDonnell, 83 Ala. 595, 4 So. 346; Hunter v. Wood, 54 Ala. 71; Owen v. Henderson, 7 Ala. 641. And it is not permissible to vary the terms of the note, to the extent that it fixes the maturity, by a verbal contemporaneous agreement. Owen v. Henderson, supra.

■ It therefore follows that the trial court erred in not sustaining the plaintiffs' demurrer to the defendants' special pleas, and the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.