This appeal is taken from the Jefferson County Circuit Court's grant of summary judgment in favor of defendants and against plaintiff, Joy Colafrancesco. We affirm.
On July 6, 1982, plaintiff went to Doug Willey Pontiac, Inc. (which later changed its name to Crown Pontiac-GMC, Inc.), to buy a car. According to plaintiff, she was only interested in purchasing a new, 1982 automobile. She found a red, Datsun 310 which she claims the salesman told her was a 1982 model, but which in fact was a 1981 model car. She further claims that she *Page 1132 
relied on the salesman's representations because the car did not have a sticker affixed to it to indicate the year of manufacture, the cost, or its options. She decided to buy the car, and signed all the necessary papers, some of which, she admits, she did not read.
When plaintiff returned to the dealership one year later to buy a new 1983 model car, the salesman informed her that the Datsun 310 she had purchased the year before was a 1981 model car. According to plaintiff, this was the first time that she learned that the car she bought was a 1981, rather than a 1982, Datsun 310. Plaintiff subsequently filed suit on March 12, 1984, alleging, inter alia, breach of contract and fraud.
According to the affidavits submitted by defendants, plaintiff was initially shown a 1982 Datsun 310. After it became apparent that she could not afford to purchase the 1982 model, defendants showed her a new 1981 model Datsun 310, which was affordable to plaintiff because of the large discount given by defendants. It was this 1981 model, defendants assert, that plaintiff agreed to purchase from them.
Plaintiff offered evidence which showed that a 1982 owner's manual came with the car, that the application for a car tag and receipt reflected that the car purchased was a 1982 model car, and that these documents supported her belief that the car she bought was a 1982 Datsun 310.
Defendants offered undisputed evidence that proved that plaintiff knew, or should have known, that the car she bought was a 1981, rather than a 1982, model Datsun 310. First, the sales contract that plaintiff signed shows on its face that the car she agreed to purchase was a 1981 Datsun 310. At the time of purchase, plaintiff was given a warranty manual entitled: "WARRANTY INFORMATION FOR 1981 NEW DATSUN VEHICLES," which she admits receiving. The car was financed through a consumer loan from Jefferson Federal Savings and Loan Association. The note, bearing plaintiff's signature, describes the collateral as a "1981 310 Datsun," and plaintiff has been in possession of this note since July 8, 1982. Plaintiff was also in possession of a letter from an insurance agent which began: "Enclosed is the application for automobile insurance on your 1981 Datsun 310." Plaintiff admits signing the application, which describes the insured vehicle as a "1981 Datsun," and returning it to the insurance company. Furthermore, the temporary insurance binder and the permanent policy issued to plaintiff both describe the vehicle as a 1981 Datsun 310. Finally, plaintiff admits receiving the official certificate of title issued by the Department of Revenue on August 11, 1982, which also describes the vehicle as a 1981 Datsun 310, but claims that she did not open the envelope until after she filed this action.
After considering the pleadings and affidavits submitted by the parties, as well as the numerous documents referred to above, the court granted summary judgment in favor of all defendants as to both the contract claim and the fraud claim. Plaintiff filed a motion to set aside the summary judgment, which was denied, and this appeal followed.
On appeal, plaintiff asserts that the trial court erred when it granted summary judgment against her with respect to her claims for breach of contract and fraud. First, plaintiff argues that certain parol evidence demonstrated that she did not receive the car that she contracted for, and, therefore, that defendants breached the contract. In Shepherd Realty Co.v. Winn-Dixie Montgomery, Inc., 418 So.2d 871 (Ala. 1982), this Court addressed the applicability of the parol evidence rule, stating:
 Once a contract between two parties is reduced to writing, absent mistake or fraud, the courts must construe the contract as written. "Furthermore in the absence of ambiguity the court cannot interpret the contract but must take it as it is written." Darling Shop of Birmingham v. Nelson Realty Co., 255 Ala. 586, 52 So.2d 211 (1951).
. . . .
 The trial court was correct in refusing to admit parol evidence to show the "true *Page 1133 
intent" of the parties. It is fundamental that the parol evidence rule prohibits the contradiction of a written agreement by evidence of a prior oral agreement. The rule provides, generally, that when the parties reduce a contract to writing, intended to be a complete contract regarding the subject covered by that contract, no extrinsic evidence of prior or contemporaneous agreements will be admissible to change, alter or contradict such writing. Hartford Fire Insurance Co. v. Shapiro, 270 Ala. 149, 117 So.2d 348 (1960).
Id., at 874. This Court has also addressed this issue inRacquetball of Mobile, Inc. v. Wisser, 429 So.2d 1020 (Ala. 1983):
 Absent some evidence of fraud in procuring the maker's signature or concealing the contents of the note, a maker cannot contradict the note by a parol agreement made at the time of execution, and evidence which tends to contradict or vary or alter the terms of the note is not admissible. Steiner Bros. v. Slifkin, 237 Ala. 226, 186 So. 156 (1939); Perkins Oil Co. of Delaware v. Davis, 228 Ala. 190, 153 So. 417 (1934).
Id., at 1021.
Plaintiff failed to present even a scintilla of evidence of fraud in the procurement of her signature, or evidence that defendants in any way concealed the contents of the contract. Thus, the parol evidence rule applies to bar any evidence which would contradict the terms of the contract which plaintiff had signed. Furthermore, the contract contained a merger clause, which provides: "The above comprises the entire agreement pertaining to this purchase and no other agreement of any kind, verbal understanding or promise whatsoever, will be recognized." Plaintiff signed the contract immediately below this clause.
Merger clauses, like the one in the case sub judice, have been given effect in Alabama for years. In Stallings v. Savage,206 Ala. 486, 90 So. 904 (1921), this Court held that parol evidence was properly excluded in an action for breach of contract in the sale of an automobile when the contract contained a clause which provided: "This constitutes the entire purchase contract." See also, Shepherd Realty Co. v. Winn-DixieMontgomery, Inc., supra.
For the above-stated reasons, we are of the opinion that the trial court correctly granted summary judgment with respect to plaintiff's claim for breach of contract.
We now focus our attention on plaintiff's second contention, namely, that the court erred when it granted defendants' motion for summary judgment on her claim of fraud.
This fraud claim is governed by Alabama's one-year statute of limitations. See § 6-2-39 (a)(5), Code 1975.[1] The complaint in this case was filed on March 12, 1984. Plaintiff argues that, even though she received some documents in 1982 which described the car as a 1981 Datsun 310, she did not read these documents. Therefore, she says, she did not know that the car was a 1981 model until she attempted to trade it in July of 1983 and thus her action was filed within the one-year period prescribed by §6-2-39 (a)(5). We cannot agree.
In Cooper Chevrolet, Inc. v. Parker [MS. 84-362, December 6, 1985] (Ala. 1985), we were presented with an issue strikingly similar to the one in the instant case. Plaintiffs in that case, as did plaintiff herein, argued that § 6-2-3, Code 1975, should apply to allow their fraud claim to be timely. Section6-2-3 provides:
 In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one *Page 1134 
year within which to prosecute his action.[2]
Our discussion in Cooper Chevrolet, supra, of § 6-2-3 also applies in this case. There we stated:
 In interpreting § 6-2-3, Code 1975, this Court has consistently held that facts constituting fraud are deemed to have been discovered when they should have been discovered. Retail, Wholesale and Dept. Store Employees Union v. McGriff, 398 So.2d 249
(Ala. 1981); Seybold v. Magnolia Land Co., 376 So.2d 1083 (Ala. 1979). In Gonzales v. U-J Chevrolet Co., 451 So.2d 244 (Ala. 1984), a case very similar factually to the present case, this Court held:
 "Fraud is deemed to have been discovered when the person either actually discovered, or when the person ought to or should have discovered, the facts which would provoke inquiry by a person of ordinary prudence, and, by simple investigation of the facts, the fraud would have been discovered. Papastefan v. B L Construction Co., 385 So.2d 966
(Ala. 1980); Johnson v. Shenandoah Life Ins. Co., 291 Ala. 389, 281 So.2d 636 (1973). . . .
 "In the present case, Mrs. Gonzales should have been on notice of any misrepresentations or fraud in the sale of the car when she received the documentation for the sale. The commencement of her action with regard to the fraud counts was beyond the applicable one-year limitations period. . . ."
 The plaintiffs insist that the running of the statute was tolled by their failure to read the documents. It is undisputed however, that the documents, which showed that the automobile purchased by the plaintiffs was a demonstrator, were received by the plaintiffs in June 1982. The date that these documents were received was the date the fraud was or should have been discovered. Gonzales v. U-J Chevrolet Co., supra. This suit was not filed until seventeen months after that date. Therefore, because this action was barred by the applicable statute of limitations, the directed verdict should have been granted by the trial court.
(Emphasis original.).
From the evidence presented it is clear that, by August 11, 1982, plaintiff had received all of the documents which described the car as a 1981 Datsun 310. Her suit was not filed until March 12, 1984, some 19 months later. According to our holding in Cooper Chevrolet, plaintiff's fraud claim is barred by the one-year statute of limitations for fraud actions found in § 6-2-39, Code 1975. Therefore, the trial court did not err in granting summary judgment on the plaintiff's fraud claim, and the judgment below is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
[1] Section 6-2-39, Code 1975, was repealed by Act 85-39, effective January 9, 1985, and the causes of action governed by that one-year statute were transferred to the two-year statute, § 6-2-38. That statutory change, however, has no effect in this case.
[2] Act 85-39 also amended § 6-2-3 to change "one year" to "two years." That amendment has no effect in this case, which arose before the statute was amended.