316 So.2d 340

**BIBLE BAPTIST CHURCH et al.**

v.

**Chimes E. STONE.**

**Civ. 568.**

Court of Civil Appeals of Alabama.

June 11, 1975.

Supplemental Opinion July 11, 1975.

**412**

W. W. Watson and Roger Killian, Fort Payne, for appellants.

Charles M. Scott, Fort Payne, for appellee.

HOLMES, Judge.

The Circuit Court of DeKalb County granted plaintiff's motion for summary judgment and defendant appeals from that action.

The record reveals that plaintiff sued defendant on a promissory note in the principal amount of $850 plus interest and attorney's fee. The plaintiff filed motion for summary judgment pursuant to Rule 56, Alabama Rules of Civil Procedure. Appropriate affidavits and counter affidavits were filed.

From these affidavits it is established, as a matter of law, that the principal amount of $850 was due; that a reasonable attorney's fee was entitled to be awarded; and that some amount of interest was due. The trial court awarded a judgment in the amount of $1,299.13, composed of $850 principal, $350 attorney's fee, and $99.13 interest.

Appellant, as we perceive his argument in brief, contends that the trial court erred in granting summary judgment since defendant had demanded a jury and there existed a genuine issue of a material fact.

He bottoms this argument on the premise that the note is ambiguous and, therefore, he should be allowed to present parol evidence regarding certain agreements not contained in the note as to the method of payment. Additionally, defendant argues that the note is ambiguous and presents an issue of fact as to when the interest begins to "run."

The promissory note, in pertinent part, reads as follows:

"Exhibit 'A'

"$850.00   Fort Payne, Ala. July 30 , 1973 One year   After date we promise to PAY TO THE ORDER OF Chimes E. Stone   Eight Hundred Fifty and no/100 _____ DOLLARS _____ AT ——— VALUE RECEIVED WITH INTEREST after maturity at 8%.

"The right of exemption is hereby waived, as provided in the Constitution and Laws of the State of Alabama or any State in the United States, and it is further agreed that the Undersigned shall pay all costs of collection, including a reasonable attorney's fee if not paid at maturity."

■ To this court and, as the trial court obviously found, the note in question is not

ambiguous and evidence tending to contradict or vary the note or defeat its operation would have been inadmissible. *Steiner Bros. v. Slifkin,* 237 Ala. 226, 186 So. 156; *Jackson v. Sample,* 234 Ala. 75, 173 So. 510.

■ Furthermore, we specifically find that the note is unambiguous as to when the interest to be paid on the note is to run, to wit, after maturity. Put another way, interest "runs" from July 30, 1974, until January 14, 1975, the date of judgment.

■ The construction and legal effect to be given an unambiguous agreement is a question of law to be decided by the court and a determination may be made under appropriate circumstances by summary judgment. *Hisel v. Chrysler Corp.,* D.C., 94 F.Supp. 996.

■ Additionally, where all the basic facts are undisputed and the matter is one of interpretation or reaching of a conclusion by the court, the court may grant a motion for summary judgment. *Keele v. Union Pac. R. Co.,* D.C., 78 F.Supp. 678.

■ As we previously noted, an attorney's fee was allowable under the terms of the note, the amount of such fee is discretionary with the trial judge. (There was an affidavit stating $350 was reasonable.) See 2A Ala.Dig., *Appeal and Error,* ⊜984(5).

■ In addition to the above, defendant complains that the trial court erred in allowing certain affidavits to be admitted. Suffice it to say the issue was not raised in the trial court. Issues not raised below will not be considered for the first time on appeal. *Penn Mut. Life Ins. Co. v. State,* 223 Ala. 332, 135 So. 346.

With the above principles of law in mind, we find the trial judge was correct in granting plaintiff's motion for summary judgment. However, the learned trial judge has not correctly computed the amount of interest. We have no alternative but to make this determination in view of the unambiguous terms of the note which call for interest only "after maturity." The correct amount of the judgment should be $1,231.19.

■ Counsel for appellee has filed with this court a motion to dismiss the appeal for certain procedural defects. Any material defects that may have existed have been corrected pursuant to Tit. 7, §§ 805 and 806, Code of Ala.1940, and motion to dismiss is denied.

■ Unless the plaintiff-appellee remits all in excess of $1,231.19 by filing a remittitur with this court within thirty days following the finality of this opinion, the judgment of the lower court will be reversed and the cause remanded. See Tit. 7, § 811, Code of Ala.1940.

Affirmed conditionally.

WRIGHT, P. J., and BRADLEY, J., concur.

## SUPPLEMENTAL OPINION

Whereas, in keeping with former order and judgment of this Court, the appellee did, on July 11, 1975, file in this Court a remittitur of the amount of recovery in excess of $1,231.19.

It is now considered, ordered and adjudged that the judgment of the Circuit Court be reduced to $1,231.19; and as thus reduced the judgment of the Circuit Court is hereby affirmed.

It is further ordered that the appellee, Chimes E. Stone, pay the costs of appeal in this Court and in the Circuit Court, for which costs let execution issue.