Plaintiff Wisser brought suit against Racquetball of Mobile, Inc., on a promissory note in the principal amount of $100,000, which by its terms was due and payable six months from date of execution. She established by affidavit in support of her motion for summary judgment that the note was duly executed and was overdue. The defendant did not deny any of these facts but attempted to alter the terms of the note by parol evidence. The trial court granted plaintiff's motion for summary judgment, and the defendant appealed. We affirm.
The only issue before us is whether a genuine issue of fact exists which would require a trial or, stated differently, whether the plaintiff has shown that she is entitled to judgment as a matter of law. We hold that summary judgment was appropriate and affirm.
The burden is on the movant for summary judgment to establish that there is no genuine issue of a material fact. At the time the trial court entered summary judgment on the plaintiff's motion, it had before it the note sued upon, and the payee's affidavit verifying that she was the holder of the note and that the note was in default. In response to the payee's motion, the maker entered its counter affidavit, in which it said that the note did not represent a loan to the corporation, but, instead, was intended to be a capital contribution to the corporation and that the parties agreed that the corporation would not return the funds until the corporation became profitable.
The maker did not deny receiving the $100,000 from the payee, did not deny executing the note, and did not deny that it was due by its terms. Rather, it relied upon an alleged oral agreement entered into between the parties contemporaneously with the execution of the note. This is not sufficient to raise a genuine issue of fact. Absent some evidence of fraud in procuring the maker's signature or concealing the contents of the note, a maker cannot contradict the note by a parol agreement made at the time of execution, and evidence which tends to contradict or vary or alter the terms of the note is not admissible. Steiner Bros. v. Slifkin, 237 Ala. 226,186 So. 156 (1939); Perkins Oil Co. of Delaware v. Davis, 228 Ala. 190,153 So. 417 (1934).
Jackson v. Sample, 234 Ala. 75, 173 So. 510 (1937), involves a case factually similar to the one before us. That case, like this one, was a suit on a note, containing an unconditional promise to pay the sum claimed upon demand. The maker by plea set up a collateral parol agreement that the note was not to be paid upon demand but only when the earnings of the company were sufficient to pay the note. The court held that the plea was not a defense to the suit on the note, and evidence of the parol agreement was inadmissible because it was at variance with and contradictory to the written terms of the note. Such is the case here. The evidence offered by Racquetball's affidavit is inadmissible and, therefore, does not serve to raise an issue of fact. Rule 56, Alabama Rules of Civil Procedure.
Citing these two cases, the Court of Civil Appeals in BibleBaptist Church v. Stone, 55 Ala. App. 411, 316 So.2d 340
(Ala.Civ.App. 1975), in a case presented in a similar context, upheld the trial court's entry of summary judgment and held:
 "To this court and, as the trial court obviously found, the note in question is not ambiguous and evidence tending to contradict or vary the note or defeat its operation would have been inadmissible. Steiner Bros. v. Slifkin, 237 Ala. 226, 186 So. 156; Jackson v. Sample, 234 Ala. 75, 173 So. 510.
". . . .
 "The construction and legal effect to be given an unambiguous agreement is a question of law to be decided by the court *Page 1022 
and a determination may be made under appropriate circumstances by summary judgment. Hisel v. Chrysler Corp., D.C., 94 F. Supp. 996.
 "Additionally, where all the basic facts are undisputed and the matter is one of interpretation or reaching of a conclusion by the court, the court may grant a motion for summary judgment. Keele v. Union Pac. R. Co., D.C., 78 F. Supp. 678."
316 So.2d at 341.
The note sued upon is unambiguous and, therefore, the evidence offered by Racquetball in opposition to the plaintiff's motion for summary judgment is inadmissible. It does not bring itself within the exception to the parol evidence rule, which does allow, in addition to evidence of fraud in its procurement, as between the immediate parties to a note, parol evidence to show there was no consideration or that it has failed. Jackson v. Sample, supra, Jefferson CountySavings Bank v. Compton, 192 Ala. 16, 68 So. 261 (1915); Barlowv. Flemming, 6 Ala. 146 (1844). Under the undisputed facts here, Racquetball received full consideration for the note.
Because only a question of law was presented, the case was appropriate for summary judgment and, because the trial court correctly decided the legal question, its judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.