This is a suit on a promissory note.
The following facts are undisputed: G. Marshall Burden and Michael Perry Feore were co-owners of certain property in Mobile County. On May 5, 1970, they each sold their portion of the property to Larry E. Williams and his wife, taking a vendor's lien on the property to secure a $17,000 promissory note from the Williamses. After approximately one-and-one-half years, the Williamses defaulted. Thereafter, Burden and Feore assigned their rights in the promissory note and under the lien to Joseph L. Desporte. As consideration, Desporte, as assignee, conveyed a parcel of land in Prichard, Alabama, which was subject to an existing mortgage, to assignor Burden. The other assignor, Feore, did not want to acquire any title to the Prichard property; he agreed to assign his interest in the Williamses' note to Desporte only after Burden agreed to execute a $9,100 promissory note, naming him as payee, the note to be secured by a second mortgage on the Prichard property.
On January 7, 1972, Feore made the assignment to Desporte and Burden and *Page 862 
simultaneously executed, along with a second mortgage, the following note:
 January 7, 1972 Mobile, Alabama
"$9,100.00
 "For value received the undersigned jointly and severally promise to pay to Michael Perry Feore or order, the principal sum of Nine Thousand One Hundred and No/100 ($9,100.00) Dollars with interest thereon from date, at the rate of 71/4 percent per annum. The said principal and interest shall be payable at the banking house of the First National Bank of Mobile, Mobile, Alabama, in monthly installments as follows, namely: SIXTY-FIVE AND NO/100 ($65.00) Dollars per month, with the first installment being due and payable on the first day of February, 1972, and a like installment being due on the first day of each consecutive month thereafter until the full sum of principal and interest is paid in full.
 "Privilege is given to make additional payments on said principal sum at any interest payment date; such additional payments, however, to be made in multiples of $65.00 or the balance due.
 "Each maker and endorser waives the right of exemption under the Constitution and laws of Alabama, and each maker and endorser waives demand, protest, and notice of protest, and all requirements necessary to hold them liable as makers and endorsers.
 "It is further agreed that the undersigned shall pay all costs of collection, including a reasonable attorney's fee on failure to pay any installment of principal and interest of this note on the date due hereof.
 "This note is to be construed according to the laws of the State of Alabama, and is secured by second mortgage on real estate executed to Michael Perry Feore by the undersigned on even date.
 "Upon failure to pay any installment of principal and/or interest when due or if any of the conditions and requirements in said mortgage deed be not complied with, the entire principal sum at the option of the holder, shall become due and payable. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.
"/s/ Gaillard Marshall Burden"
On August 18, 1981, Burden defaulted on the note, and on May 5, 1983, Feore brought suit, seeking $10,702.20 plus interest and costs. Burden answered, raising as an affirmative defense the following:
 "Plaintiff and defendant further agreed prior to defendant's execution of the promissory note sued upon, at the time of the execution of the promissory note sued upon, and subsequent to the date of the execution of the promissory note sued upon, that all of the payments which were called for under the terms of the promissory note sued upon were to be made by defendant to plaintiff from the rental income received by defendant from the Desporte property.
 "Defendant thereafter received some rental income from the Desporte property and defendant thereafter made some payments to plaintiff from the rental income from the Desporte property.
 "The Desporte property thereafter became unrented and defendant had no income from the Desporte property. Defendant thereafter defaulted. . . ."
Burden also claims lack of consideration for execution of the note.
On January 13, 1984, Feore moved for summary judgment, submitting a supporting affidavit. Burden filed an opposing affidavit restating the alleged agreement referred to above. On February 10, 1984, Feore's motion for summary judgment was granted; the trial court awarded him $11,729.14, plus court costs.
Burden appeals here, contending that the trial court erred by granting summary judgment. Specifically, Burden asserts that the trial judge refused to consider his affidavit in opposition to Feore's motion because he incorrectly found it to be violative of the parol evidence rule. Even though the trial court's reasoning is not set forth in the record, because both parties *Page 863 
agree that application of the parol evidence rule is the only issue, we will assume that the court's decision was based on the rule's application. Reviewing the cases applying the rule in regard to promissory notes, we see no error in the grant of summary judgment and affirm.
Burden admits that parol evidence of prior or contemporaneous agreements is generally inadmissible where offered to vary or contradict the terms of a written agreement, but argues that such evidence is admissible if not contradictory, but merely supplemental or explanatory. In particular, he argues that admission of the evidence he sought to produce at trial should have been granted to show that the parties entered into an oral agreement that Burden's repayment of the note was conditionedupon his receiving sufficient rental income from the Prichardproperty. He further argues that, because income from the property was insufficient, parol evidence of the alleged oral agreement should be admitted to show partial lack of consideration to support execution of the note. Redmond v.Harrelson, 355 So.2d 356 (Ala. 1978); Parker v. McGaha,294 Ala. 702, 321 So.2d 182 (1975).
Burden cites us to Rhodes v. Schofield, 263 Ala. 256,82 So.2d 236 (1955); People's Bank of Mobile v. Moore, 201 Ala. 411,412, 78 So. 789 (1918); and Waters v. Carleton, 4 Port. 205 (Ala. 1836), for the proposition that promissory notes which are payable out of a particular fund are not unconditional and do not carry the maker's general personal credit. Payment of such notes is, Burden contends, contingent upon the sufficiency of the particular fund from which payment is to be made.
While we concede that these cases, indeed, stand for this proposition, we note that, unlike the present case, in each of the cases cited by Burden the contingency for payment out of aparticular fund was contained in the instrument itself, and unlike the present case, the parties did not attempt to prove the contingency by parol evidence.
The use of parol evidence to prove a contingency which must occur before payment of a note is due, for example that the note is to be paid out of profits or rents, is not permissible. S.A. Gard, Jones on Evidence, Volume 3, § 16:60 (1972).
Recently, in Racquetball of Mobile, Inc. v. Wisser,429 So.2d 1020 (Ala. 1983), this Court held that where the note sued upon is unambiguous and due on its terms, but the maker, without asserting fraud or denying execution, relies upon an alleged contemporaneous agreement tending to contradict, vary, or alter the terms of the note, parol evidence of the alleged agreement is inadmissible. This Court further held that such inadmissible evidence does not raise a genuine issue of fact, Rule 56, Ala.R.Civ.P., and that summary judgment is appropriate in such cases. Wisser, supra, at 1021, 1022.
In Wisser, this Court cited with approval Jackson v. Sample,234 Ala. 75, 173 So. 510 (1937), wherein the Court held parol evidence of a collateral agreement, that a note was to be paid upon demand but only when the earnings of a particular company were sufficient to pay the note, was inadmissible. We see no distinction between Wisser and Jackson and the present case. Therefore, we follow those cases and affirm the trial court's disallowance of parol evidence of the alleged agreement betweenBurden and Feore. That evidence having been properly excluded, the trial court correctly granted summary judgment. Wisser, at 1022.
While in Wisser this Court did state that parol evidence is admissible to show lack of consideration or failure of consideration, we find no support for Burden's contention that there was a failure of consideration in the present transaction. The consideration for which the parties bargained, and which they received, was execution of a $9,100 note by Burden in return for an assignment of interest by Feore. The alleged oral agreement, even if it was in fact made, would only have been a collateral agreement, the failure of which would not affect the original consideration. Therefore, *Page 864 
parol evidence of the alleged agreement was not admissible for the purpose of proving failure of consideration, and the trial court properly excluded its use.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.