WRIGHT, Presiding Judge.
In August 1985 SouthTrust Bank of Baldwin County brought suit on six unpaid promissory notes against the defendant, Bill H. Bengston. The defendant brought a counterclaim against SouthTrust for breach of contract, asserting that a contract had been created between himself and SouthTrust and their predecessors in interest through a long-standing course of dealing whereby defendant had been allowed to borrow money without security and to pay off his indebtedness in December of each year. He claimed SouthTrust had breached such contract by demanding that he pay all loans in full before December 1985. After oral argument, the court granted SouthTrust’s motion for summary judgment against Bengston for attorney’s fees in the amount of $4,353.26, as Bengston had paid the entire principal and interest indebtedness to SouthTrust prior to the date judgment was entered. The court in its order also dismissed defendant’s counterclaim. From the court’s order defendant appeals and we affirm.
In order to grant a summary judgment the trial court must determine that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. Houston v. McClure, 425 So.2d 1114 (Ala.1983). In our review of a grant of summary judgment, we must use the same standard as that used by the court below. Henderson v. Hanson, 414 So.2d 971 (Ala.Civ.App.1982).
The appellant contends that summary judgment should not have been granted as he produced the necessary scintilla of evidence to establish that there existed a question of fact which would necessitate the case going to the jury. We have carefully reviewed the matters presented to the trial court. They include the pleadings, affidavits, depositions, exhibits and admissions. We conclude, as did the trial court, that there is no disputed material fact existing; that defendant executed the notes upon which suit was brought by plaintiff; that according to the terms of said notes they were past due and unpaid at time of suit.
Defendant sought to defend suit by alleging a course of dealing with plaintiff over a period of years which ripened into a contract. Such custom or course of dealing was without question different in terms and conditions from those expressed in the notes. Defendant charged that such contract was so contrary to the terms of the notes that plaintiff’s suit for collection of the notes amounted to a breach of contract. In other words, defendant says — yes, I executed the notes and by their terms they are due and payable, but by an oral agreement made before or at the time of their execution there were different terms and conditions. These were the matters before the court at the time of submission for summa *1113 ry judgment on the complaint and counterclaim.
There is no statement given by the trial court as to the granting of the summary judgment in favor of plaintiff, except that there had been argument and briefs on the motions of the parties. The record discloses that the issue presented was that the affidavits and depositions of defendant were inadmissible in court because they were in violation of the parol evidence rule for attempting to vary the express terms of written instruments. Such is the issue presented by the appeal.
Our courts have often stated the rule that a note payable at a specified date and making no provision for extension or renewal may not be varied or contradicted by parol evidence of a prior or contemporaneous oral agreement of different terms or conditions. Ison Finance Co. v. Glasgow, 266 Ala. 391, 96 So.2d 737 (1957). Certainly commercial paper is subject to the parol evidence rule. Redmond v. Harrelson, 355 So.2d 356 (Ala.1978); Slaton v. Shell, 398 So.2d 311 (Ala.Civ.App.1981).
Defendant does not attempt to explain or supplement the express terms of the note by offering parol evidence of a prior oral agreement or by custom of dealing between the parties. Rather he offers evidence that it was orally agreed that he did not have to pay the note according to its terms, but only if he had the funds to do so at the due date. Such evidence was inadmissible because it was at variance with and contradictory to the written terms of the note. Flintkote v. Grimes, 281 Ala. 707, 208 So.2d 87 (1968). Such evidence, being inadmissible at trial, does not raise an issue of fact either as a defense to suit on the note or as a counterclaim thereto. Racquetball of Mobile, Inc. v. Wisser, 429 So.2d 1020 (Ala.1983); Bible Baptist Church v. Stone, 55 Ala.App. 411, 316 So.2d 340 (1975).
There being no issue of material fact shown, plaintiff was entitled to summary judgment as a matter of law. The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.