SHORES, Justice.
Robert E. Rees appeals from a summary judgment for Peoples Bank of Greensboro (hereinafter referred to as “the Bank”) for the amount due on a note. We affirm.
On November 8, 1988, the Bank sued on a note Rees had co-signed with Reginald Dozier so that Dozier could plant a crop on farmland owned by Rees. Dozier defaulted on the note and filed a Chapter 11 proceeding in the United States Bankruptcy Court. Rees filed an answer to the complaint and a counterclaim, alleging that the Bank had negligently allowed the loan to exceed the amount of the crop insurance coverage. On April 3, 1985, Rees and Dozier went to the offices of B.W. Coleman III, president of the Bank, and borrowed $55,-000 and signed a note and a security agreement. The note was secured by a mortgage on the crops to be planted by Dozier on lands owned by Rees and by an assignment of the crop insurance.
The bank insisted that Rees co-sign the note and agreed to lend an amount equal to 75% of the crop insurance coverage. Dozier agreed to assign the crop insurance to the Bank as the crop was being planted and as the insurance was procured. The amount of the loan was to be calculated on the basis of the number of acres and the type of crops to be planted. The three, Coleman, Dozier, and Rees, estimated that Dozier would be able to plant crops and obtain approximately $73,333 in crop insurance. On that basis, the Bank lent Dozier and Rees $55,000. Dozier delivered insurance assignments to the Bank for a time, but filed for bankruptcy before all of the crops were planted. There was, therefore, insufficient insurance to cover the loan.
When the note was signed, the crop insurance had not been written because the crops had not been planted. Dozier agreed *1036 to deliver the insurance assignments to the bank as the crops were planted. He did not plant crops on all of the land, and went into bankruptcy before delivering the assignments of crop insurance that would have made the loan equal to 75% of the crop insurance.
The Bank had no legal duty to monitor the activities of Dozier. Dozier agreed to plant the crops and breached that agreement. Rees obligated himself on the note. The fact that Dozier failed to live up to his agreement with the Bank and with his landlord is not a defense to the Bank’s suit on the note. Therefore, no genuine issue of material fact exists, and the trial court correctly entered the summary judgment in favor of the Bank on its complaint and on Rees’s counterclaim.
Summary judgment is proper when there exists no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Pittman v. Gattis, 534 So.2d 293, 294 (Ala.1988). In determining whether the moving party has carried its burden on the motion for summary judgment, the trial court must view the facts in a light most favorable to the non-moving party. Id., at 294, citing Fulton v. Advertiser Co., 388 So.2d 533 (Ala.1980), cert. denied, 449 U.S. 1131, 101 S.Ct. 954, 67 L.Ed.2d 119 (1981). The burden of proof for summary judgment is the “substantial evidence rule” of Alabama Code, § 12 — 21—12(b). “Substantial evidence” is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved. Rowden v. Tomlinson, 538 So.2d 15, 19 (Ala.1988) (Jones, J., concurring). See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989).
The note and the security agreement stated clearly that all crops to be grown by Dozier on Rees’s land and an assignment of crop insurance were to serve as security for the loan, and both Dozier and Rees signed the documents. Rees attempted to vary the terms of the note he and Dozier signed, through parol evidence concerning whose duty it was to guarantee the sufficiency of the crop insurance. Absent some evidence of fraud in procuring Rees’s signature or in concealing the contents of the note, or a showing that the note was ambiguous, Rees can not present parol evidence that tends to vary, alter, or contradict the note’s terms. Burden v. Feore, 460 So.2d 861, 863 (Ala.1984), Racquetball of Mobile, Inc. v. Wisser, 429 So.2d 1020 (Ala.1983). The note sued upon is unambiguous, and, therefore, the evidence offered by Rees in opposition to the Bank’s summary judgment motion was inadmissible.
Rees alleges in his counterclaim that he has been harmed because the Bank did not ensure that Dozier planted crops sufficient to sustain the originally estimated crop insurance coverage. But one must ask: “Who was in the best position to ensure that Dozier planted enough crops?” Dozier’s affidavit states that “he [Rees] called a couple of times to see if I had gotten the liens and the assignments to the bank.” Rees realized the importance of the Bank’s having the assignment of the insurance proceeds and the mortgage on the crops. Rees should have realized also the importance of making sure that Dozier planted sufficient crops or the right kind of crops on Rees’s land to support the crop insurance. Rees could have discussed with Dozier the status of the crops planted at the same time he discussed the assignment and mortgage.
In In re Martin, 761 F.2d 472 (8th Cir.1985), the Eighth Circuit Court of Appeals imposed upon a debtor, who wished to assign crop insurance proceeds as security for a loan, several requirements; one was that the debtor establish the availability of crop insurance and the risk presented to a creditor if the crop insurance did not cover crop failure. Id., at 477. Rees did not establish the risk to the Bank if the crop insurance did not cover crop failure, let alone if insufficient crops were planted. It was Rees’s duty to assure the Bank that the crops planted on his land by Dozier would be sufficient to sustain the crop insurance.
*1037 Because only a question of law was presented, the case was appropriate for summary judgment, and because the trial court correctly decided the legal question, its judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.