RUSSELL, Judge.
Alfa Mutual Insurance Company (Alfa) filed a complaint against Jimmy Grace, seeking a declaratory judgment to determine its responsibility with regard to a fire loss suffered by Grace. Merchants & Farmers Bank of Greene County, Alabama (Bank), filed a motion to intervene, alleging its right to a portion of the proceeds of the insurance policy, as well as attorney’s fees. The parties reached a settlement on the second day of trial, agreeing that Alfa would pay $100,000 to Grace and that the Bank would receive $58,377.04 of that amount. The issue of attorney’s fees was submitted to the court, and the Bank was awarded $2,000 as attorney’s fees. The Bank appeals. We affirm.
At the outset we note that, where an attorney’s fee is allowable under the terms of a note, the amount of the fee is discretionary with the trial court. Bible Baptist Church v. Stone, 55 Ala.App. 411, 316 So.2d 340 (1975). The amount of the attorney’s fee is always within the sound discretion of the trial court, and the trial court’s judgment will be reversed only when there is clear evidence of the abuse of that dis *586 cretion. Nolen v. Nolen, 398 So.2d 712 (Ala.Civ.App.1981).
The dispositive issue is whether the trial court erred in awarding attorney’s fees and collection costs of only $2,000.
The record indicates that Grace executed several notes in favor of the Bank, each of which included a provision that, in the event of default, Grace agreed to pay the costs incurred in collecting the notes, plus reasonable attorney’s fees up to fifteen percent of the unpaid balance.
After a fire at Grace’s business, the Bank made a demand on Grace for payment in full of the notes and, on learning about the declaratory judgment action, retained outside counsel to collect on the outstanding notes. Although both Grace and Alfa objected to the intervention of the Bank, it was allowed by the trial court.
Attorneys for the Bank attended all hearings and depositions involved in the matter. After the settlement, the Bank requested $7,500 as an attorney’s fee and $1,831.15 for costs. Affidavits were submitted as evidence which stated that the time expended, the hourly rate charged, and the expenses incurred were reasonable for this type of representation. The affidavit of the attorney for the Bank also showed 91.4 hours expended prior to the motion for attorney’s fees and the hearing required on that motion.
The Bank contends that the trial court erred in granting only a $2,000 fee to the Bank because, it claims, it is not reasonable in light of the facts and circumstances surrounding this case.
The order of the trial court stated, in pertinent part, as follows:
“The Court allowed Merchants & Farmers Bank to intervene in this case since they had a security interest on the property that was destroyed by fire. They did not have a direct claim against ALFA Insurance Company, and they were not named a beneficiary under the insurance policy. The Court allowed them to intervene in order that they would be protected in that they would have a lien on the proceeds from any judgment or settlement with ALFA by Mr. Grace. The attorney representing Merchants & Farmers Bank attended all depositions and also participated in the trial of this case. The Court had refused other requests by creditors to intervene in this case since they did not have any security interest on the proceeds that may become due unto Mr. Grace. The Court finds that by allowing the inter-venor to participate in this case, the expenses and additional attorney’s fees incurred were as a matter of choice and that Mr. Grace is not necessarily obligated to pay for the time and expenses that were incurred by Mr. Smith in this trial.
“The Court is further of the opinion that the filing of the Petition and the granting of the Motion to Intervene sufficiently protected the bank, and there was never any dispute as to the amount owed unto the bank, and the participation at the trial by Mr. Smith was wholly voluntary.”
In view of the trial court’s order, we find no' clear evidence of the abuse of discretion in the grant of the $2,000 attorney’s fee. Therefore, the judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J„ concur.