MADDOX, Justice.
This appeal arises from an alleged breach of a loan commitment agreement. The trial court ruled that certain testimony offered by the plaintiffs was inadmissible, both under Ala.Code 1975, § 12-21-163 (the dead man’s statute), and under the parol evidence rule. Therefore, the trial court held that the plaintiffs had failed to establish substantial evidence to rebut the defendants’ prima facie showing that there existed a genuine issue of material fact and granted the defendants’ motion for summary judgment. We affirm.
On September 12, 1984, Supermug Company, Inc. (“Supermug”), executed and delivered to Colonial Bank (“Colonial”) a promissory note in the original principal amount of $44,100. The note was due and payable in 90 days and was secured by a mortgage on certain real estate owned by Loyal Campbell, the president of Super-mug. The note was renewed every 90 days until mid-1987. At that time, Colonial did not renew the note. Instead, Colonial demanded payment in full because the loan evidenced by the note had been declared substandard by Colonial’s internal loan review auditors.
Supermug and Campbell sued Colonial, alleging breach of an oral loan commitment agreement between Campbell and John G. Butler, a vice president of Colonial. Campbell contends that, although the loan documents call for payment in 90 days, under the terms of the oral agreement the loan was to be renewed every 90 days for 5 years. However, Butler is now deceased, and there is no evidence that anyone other than Campbell and Butler knew the terms of the alleged oral loan agreement.
The trial court ruled that Campbell’s testimony concerning the oral agreement allegedly entered into by the vice president and Campbell was inadmissible both under § 12-21-163 and the parol evidence rule, and that, without this evidence, Campbell and Supermug had failed to present substantial evidence in order to entitle them to a jury trial. Based on these rulings, the trial court granted Colonial’s motion for summary judgment. Campbell and Super-mug appeal.
Campbell and Supermug argue that the trial court should not have granted Colonial’s summary judgment motion because: 1) the alleged oral agreement entered into between Campbell and the bank officer should be allowed into evidence under an exception to Ala.Code 1975, § 12-21-163 (the dead man’s statute), and 2) there was sufficient evidence to support the finding of an implied contract between Campbell and Colonial.
Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A.R.Civ.P., Rule 56(c); Richter v. Central Bank of Alabama, N.A., 451 So.2d 239 (Ala.1984); and Mountain v. Collins, 430 So.2d 430 (Ala.1983). When the movant has made a prima facie showing, by admissible evidence, that there is no genuine issue of material fact, the burden shifts to the party opposing the motion to prove by substantial evidence that a genuine issue of material fact exists in order to defeat the motion for summary judgment. Rule 56(c); § 12-21-12; Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989).
We find that the plaintiffs failed to present admissible evidence in opposition to the motion for summary judgment. Rule 56(e), Ala.R.Civ.P., requires that affidavits contain facts that are admissible in evidence.
*238 Alabama’s dead man’s statute, § 12-21-163, reads in pertinent part:
“In civil actions and proceedings, ... no person having a pecuniary interest in the result of the action or proceeding shall be allowed to testify against the party to whom his interest is opposed as to any transaction with ... the deceased person ... when such deceased person ... acted in any representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced....”
The Court has interpreted this section to apply when (1) the witness has a pecuniary interest in the result of the action, (2) the deceased acted in a representative relation to the party against whom the evidence is offered, and (3) the witness testifies to a transaction with the deceased. Beddingfield, v. Central Bank of Alabama, N.A. 440 So.2d 1051 (Ala.1983); Stanley v. Hayes, 276 Ala. 532, 165 So.2d 84 (1964). These factors clearly prohibit Campbell’s testimony concerning the alleged oral agreement entered into between him and Colonial’s vice president. Campbell has a pecuniary interest in this action, and the success of this action depends on the affidavit testimony regarding the loan agreement, which forms the main basis of his argument that Colonial breached an alleged loan agreement with him. As a vice president of Colonial, Butler was clearly acting in a representative capacity when he entered into the loan agreement on the behalf of Colonial; therefore, had Campbell been allowed to testify as to the agreement, he would have been testifying as to a transaction with one who is now deceased.
Based on the foregoing, we affirm the trial court’s holding that Campbell’s testimony was inadmissible because of the dead man’s statute.
Campbell and Supermug next contend that evidence exists to support the finding of an implied contract based on Colonial’s conduct. Campbell and Super-mug contend that the fact that Colonial renewed the loan every 90 days for approximately 3 years supports their contention that there existed an implied contract by which Colonial was to renew the note every 90 days 5 years.
“Promissory notes ... are subject to the general rule that a valid written instrument cannot be varied or contradicted by parol evidence.” Redmond v. Harrelson, 355 So.2d 356 (Ala.1978) (citations omitted). To allow evidence of oral representations to vary the terms of the written instrument under these circumstances would violate the parol evidence rule.
In Bengston v. SouthTrust Bank of Baldwin County, 500 So.2d 1111 (Ala.Civ.App.1986), the court described a borrower’s defense against the Bank’s collection efforts:
“[He alleged] a course of dealing with plaintiff over a period of years which ripened into a contract. Such custom or course of dealing was without question different in terms and conditions from those expressed in the notes. Defendant charged that such contract was so contrary to the terms of the notes that plaintiff’s suit for collection of the notes amounted to a breach of contract. In other words, defendant says — yes, I executed the notes and by their terms they are due and payable, but by an oral agreement made before or at the time of their execution there were different terms and conditions.”
500 So.2d at 1112. This statement in Bengston v. SouthTrust Bank of Baldwin County, supra, correctly stated the borrower’s defense. In the case at hand, the promissory note signed by Campbell stated on its face that it was a 90-day note, due to be paid in full at maturity. There are no written documents that support the contention that Colonial was to renew the note every 90 days for 5 years. Therefore, we hold that the renewal of the note every 90 days for approximately 3 years did not create an implied contract between Campbell and Supermug and Colonial.
Under A.R.Civ.P., Rule 56(e), affidavits offered in opposition to a summary judgment motion “shall set forth such facts as would be admissible in evidence.” Here, any testimony regarding the oral agreement allegedly entered into between Camp *239 bell and Butler is not admissible. Absent this testimony, Campbell fails to meet his burden of proving, by substantial evidence, that there was an agreement as alleged; therefore, summary judgment was appropriate.
We affirm.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.